545 So.2d 714 (1989)
STATE of Louisiana, Appellee,
v.
Andrew RICHARDSON, Appellant.
No. 20649-KA.
Court of Appeal of Louisiana, Second Circuit.
June 14, 1989.
*715 Raymond Lee Cannon, Tallulah, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James David Caldwell, Dist. Atty., Moses Junior Williams, Asst. Dist. Atty., Tallulah, for appellee.
Before HALL, NORRIS and HIGHTOWER, JJ.
PER CURIAM.
Defendant, Andrew Richardson, age 20, was charged with simple burglary in violation of LSA-R.S. 14:62. Defendant was tried by jury and found guilty as charged. He was sentenced to ten years at hard labor and fined $1,000 and costs, in default thereof to serve one year at hard labor consecutive to the original sentence. Defendant appealed assigning as error that (1) his sentence is excessive in violation of LSA-La. Const. Art. 1, § 20 (1974) and LSA-C.Cr.P. Art. 894.1; and (2) the evidence was insufficient to support his conviction. Defendant did not brief or argue his second assignment of error and it is considered abandoned. For the reasons which follow, we affirm defendant's conviction, amend his sentence, and as amended, affirm the sentence.

I.
On March 30, 1987, defendant and several accomplices battered a hole through the wall of Marsden's Grocery in Tallulah. The group entered the store and took several hundred dollars worth of food, beer, cigarettes, and money.

II.
Defendant argues that his sentence is excessive since it is near the maximum sentence imposable, he is not the worst type of offender, and the crime he committed was not the most serious violation of the offense.
The trial court has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983). A sentence violates LSA-La. Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984).
The sentencing guidelines of LSA-C. Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). While the trial court need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Nealy, 450 So.2d 634 (La.1984).
The trial court reviewed the defendant's criminal background. It noted that as a juvenile defendant had a history of committing theft. Defendant was committed to Louisiana Training Institute (LTI) until he reached age 20. The court noted that defendant committed the instant offense only five months after his release from LTI. It also noted that defendant had been arrested on two other charges, possession of *716 stolen goods and simple burglary, while he was free on bond for the instant offense.
The court noted that there was no evidence that defendant acted under strong provocation or that the victim had induced or facilitated the commission of the crime. The record revealed that the victim sustained a loss of approximately $1,000. The court further noted that there was nothing to indicate that defendant either compensated the victim or had any intention of compensating him.
The court concluded that defendant had not learned from his previous juvenile incarceration. Defendant's repeated criminal behavior indicated to the court that he was likely to commit other crimes if his sentence were suspended or if he was placed on probation. The court recognized defendant's bad attitude and noted how he was uncooperative with both the law enforcement officers and the probation officer who prepared the presentence investigation report. The court further recognized that defendant never admitted his guilt and blamed others for his problems. The court finally concluded that defendant was not willing to live by the rules of society, and it found that defendant needed further correctional treatment which could be provided most effectively by commitment to an institution.
We note that although defendant's sentence is in the upper range of the sentences imposable, he was not sentenced to the maximum. Nothing in the record indicates that a suspended sentence or probation would benefit defendant. Defendant was incarcerated in LTI from age 11 until his early release at age 20. During this period, defendant burglarized a business establishment while home on leave and was returned to LTI. He committed the instant offense only five months after his release from LTI.
Considering defendant's history of breaking the law, both prior to this offense and while out on bond, and his bad and uncooperative attitude, we find the sentence imposed is not excessive.

III.
Although not argued by defendant, the portion of the sentence requiring an additional year at hard labor in default of payment of the fine and costs constitutes error, patent on the face of the record.
LSA-C.Cr.P. Art. 884 provides:
If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year; provided that where the maximum prison sentence which may be imposed as a penalty for a misdemeanor is six months or less, the total period of imprisonment upon conviction of the offense, including imprisonment for default in payment of a fine or costs, shall not exceed six months for that offense.
Article 884, as in other criminal statutes where the word "imprisoned" or "imprisonment" is used alone or is unqualified, does not import imprisonment at hard labor. See State v. Hyland, 36 La.Ann. 709 (1884). This article does not authorize default time to be served at hard labor. State v. Tyler, 544 So.2d 495 (La.App. 2d Cir.1989); State v. Mims, 524 So.2d 526 (La.App. 2d Cir. 1988), writ denied 531 So.2d 267 (La.1988). Accordingly, we will amend defendant's sentence and order that the default time be served without hard labor.
Defendant's conviction is affirmed. The sentence is amended to provide that the one year term of imprisonment in default of payment of the $1,000 fine and costs be without hard labor, and is otherwise affirmed.
CONVICTION AFFIRMED, SENTENCE AMENDED AND AS AMENDED AFFIRMED.