597 So.2d 169 (1992)
STATE of Louisiana, Appellee,
v.
Andrew McGRAW, Appellant.
No. 23597-KA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1992.
Carey J. Ellis, III, Rayville, Sonny N. Stephens, Winnsboro, for appellant.
William R. Coenen, Dist. Atty., Penny Douciere, Asst. Dist. Atty., Rayville, for appellee.
Before HIGHTOWER, BROWN and STEWART, JJ.
BROWN, Judge.
A jury found defendant, Andrew McGraw, guilty of two counts of distribution of cocaine, LSA-R.S. 40:967 A(1). Two consecutive 15 year sentences were given to McGraw by the trial court. On appeal defendant argues that his sentences were excessive and that the trial court failed to comply with LSA-C.Cr.P. Art. 894.1. We reject defendant's claims and affirm.

FACTS
During the summer of 1990 the Richland Parish Sheriff's Office conducted an undercover drug operation to identify and arrest drug dealers. On July 20 an undercover deputy drove to an area in Rayville known as the "Slab." He approached a group of men and said he wanted some "smoke", which is a slang term for rock cocaine. *170 One of the men took the deputy down the street to meet defendant. The man asked defendant if he had anything and defendant told the deputy to follow him to Lee Robinson's bar. Defendant entered the bar and returned with a young woman. She handed a pouch containing a rock of cocaine to defendant who in turn sold it to the deputy for $50.00.
Five days later, the deputy saw defendant standing near the "Slab" and asked if he knew where to get some "smoke". Defendant left for a short time and returned with a rock of cocaine which he sold to the deputy for $25.00. Defendant told the deputy to come back and he would treat him right.
Laboratory analysis confirmed the rocks were cocaine. The deputy positively identified McGraw as the perpetrator pointing out that they had known each other for several years and had played basketball together. Denying the charges McGraw testified he had never seen the deputy before the trial.

DISCUSSION
LSA-La. Const. Art. 1, § 20 prohibits the imposition of excessive punishment. Although a sentence is within the statutory limits, it may still violate a defendant's constitutional right against excessive punishment. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bonanno, 384 So.2d 355 (La.1980). The trial court must state its reasons for a sentence to enable an appellate court to carry out its review obligation as required by the Constitution. LSA-C.Cr.P. Art. 894.1 provides a framework that, if followed, will clearly demonstrate why a particular sentence was imposed. In setting out the factual basis for its sentence the trial court insures that the sentence is tailored to the offender and the particular offense. State v. Smith, 433 So.2d 688 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988). Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
A trial court has wide discretion to sentence within the statutory limits. In exercising our appellate review we are cognizant of the trial court's unique and advantageous position to observe the defendant and evaluate the circumstances of the crime and its impact on the community. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra.
In oral reasons for judgment the trial judge found that defendant was 34 years old and had an 11th grade education. Defendant had quit school to serve in the military for two years and attended a mechanics school for some time. The trial judge further noted that defendant's mother was serving a 12 year sentence for shooting his father and his brother was serving a 45 year sentence for distribution of cocaine. Defendant also had been charged with distribution of cocaine in 1988 but was allowed to plead guilty to possession for which he was sentenced to 42 months in prison. Defendant had no job skills and had charges pending for obstruction of justice, possession of marijuana, possession of cocaine and aggravated assault of a police officer at the time this sentence was imposed.
In further reasons for judgment the trial court found there was an undue risk that defendant would commit another offense if given a suspended or probated sentence, that defendant was in need of correctional treatment and a custodial environment could best rehabilitate him if he was capable of rehabilitation. The trial court also found a lesser sentence would deprecate the seriousness of defendant's offense. Further the trial court found that the evidence of guilt was overwhelming, that defendant had been previously convicted of possessing cocaine, was a hardened criminal and "a long time cocaine user, abuser and seller". The factual basis for the court's sentencing decision was adequately stated and in compliance with Art. 894.1.
*171 When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. LSA-C.Cr.P. Art. 883. It is within a trial court's discretion to order sentences to run consecutively rather than concurrently. State v. Derry, 516 So.2d 1284 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La. 1988). In exercising this discretion defendant's attitude and criminal propensities are among the factors that a trial court may consider. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied, 452 So.2d 695 (La.1984).
Consecutive sentences may be justified when an offender, due to his past conduct or repeated criminality over an extended period of time, poses an unusual risk to the safety of the public, similar to those posed by habitual or dangerous offenders. State v. Camps, 476 So.2d 864 (La.App. 2d Cir.1985), writ denied, 481 So.2d 616 (La.1986), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 658 (1986). Two distinct drug transactions, however, carried out a week apart and paid for separately are not part of a common plan or scheme, even though they involved the same undercover officer. State v. Miller, 561 So.2d 892 (La.App. 2d Cir.1990), writ denied, 566 So.2d 983 (La.1990).
Defendant was a second felony offender as a result of his 1988 conviction for possession of cocaine. The trial court found that defendant did not exhibit any remorse for his offenses and refused to accept any responsibility for his conduct. The court also felt that there was a risk defendant would commit another crime, absent incarceration.
Considering the sentencing range, defendant's history, his continued involvement in illicit drugs and his willingness to sell cocaine, the sentences imposed are not constitutionally excessive or an abuse of the broad discretion granted to the trial court. Defendant's past conduct and repeated criminality clearly supported the imposition of consecutive sentences. In addition, the present conduct involving two transactions occurring five days apart represented separate and distinct acts which equally supported the consecutive sentences.
The trial court adequately defined its reasons for judgment. In this case the sentences were sufficiently tailored to defendant and his offenses. We give deference to the fact that the trial court was able to observe defendant and note his unwillingness to accept responsibility for his criminal conduct.
Having found no error patent and no substance to defendant's appeal, we affirm.
AFFIRMED.