599 So.2d 465 (1992)
STATE of Louisiana, Appellee,
v.
Altona WILLIAMS, Appellant.
No. 23,792-KA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1992.
*466 Herman Lawson, Steve Thomas, Mansfield, for appellant.
William R. Jones, Dist. Atty., Coushatta, for appellee.
Before NORRIS, HIGHTOWER and BROWN, JJ.
BROWN, Judge.
A jury found defendant, Altona Williams, guilty of distribution of cocaine. After receiving a sentence of 20 years at hard labor, he appealed. On appeal the conviction was affirmed; however, the sentence was vacated because the record lacked information concerning defendant's background. State v. Williams, 567 So.2d 735 (La.App. 2d Cir.1990). In short, without adequate factual information we were unable to fulfill our sentencing review obligation. On remand the trial court ordered and considered a pre-sentence investigation report. After explaining its rationale, the trial court resentenced defendant to 20 years at hard labor. Defendant once more appeals the sentence as excessive. We affirm.
LSA-R.S. 40:967 sets the penalty for distribution of cocaine at not less than 5 nor more than 30 years. Defendant was 20 years old on the date of the offense. He was convicted of distribution of cocaine by selling one rock to an undercover agent for $20. Attempting to avoid direct responsibility, defendant used a minor to act as an intermediary in the sale. The minor sold the cocaine obtained from defendant to an undercover officer and delivered the money to defendant. The minor was convicted by a guilty plea in juvenile court. As stated by the trial court, defendant,
... (u)sed a minor, Brian Palmer, in the distribution of crack cocaine. This is despicable. Drug abuse is the most significant problem facing this country. The scourge of drugs is demoralizing our society. At the heart of society is our youth. Your corrupt influence over this young boy has led him into a life of crime.
Although not invoked by the prosecutor, LSA-R.S. 40:981.2 provided in 1988 a maximum penalty of 10 years when a person over the age of eighteen solicits, procures or counsels any person under eighteen to distribute cocaine. A 1991 amendment to 40:981.2 increased the penalty to not less than 20 years nor more than 60 years without benefit of probation, parole or suspension of sentence. Defendant was fortunate that this crime occurred before the 1991 amendment.
The trial court specifically considered defendant's personal background. Defendant had fathered three children out of wedlock by two different women but provided no support. The PSI documented defendant's poor work record and that he had dropped out of school in the eighth grade. The court recognized defendant's youth as a mitigating factor against the maximum sentence.
The trial court commented on defendant's prior criminal activity which demonstrated a propensity for violence. Defendant's juvenile record consisted of a conviction for assault. As an adult defendant was arrested for disturbing the peace, resisting arrest and battery on a police officer. As a result of a guilty plea to resisting arrest, defendant was placed on probation. The trial court commented on defendant's probation record as follows:
You were previously given lenient treatment and you failed to perform properly. During the probationary period, you had a new arrest, paid no supervision fees and were terminated unsatisfactorily. That previous favorable treatment did not act as a deterrent to you to commit other crimes. You committed two since.
After being placed on probation defendant was arrested for simple assault, disturbing the peace (twice), and possession of stolen property. Defendant was arrested for two counts of forgery on December 9, 1988 and while released on bond sold the cocaine which resulted in the instant charge. Before being arrested on the present charge, defendant bargained a *467 guilty plea to one count of forgery and was thereafter sentenced to 3 years hard labor.
Additionally, the circumstances of this transaction resembled an organized and continuing operation. An undercover officer and a confidential informant went to Dorothy's Place, a bar or nightclub in Red River Parish. When the CI and undercover officer inquired about purchasing cocaine, they were approached by the minor who directed them to a restroom. At the door to the restroom, defendant handed the rock cocaine to the minor. The minor took the undercover officer's money and gave it to defendant.
LSA-Const. Art. 1 § 20 prohibits the imposition of excessive punishment. Although a sentence is within the statutory limits, it may still violate a defendant's constitutional right against excessive punishment. The record must show that the sentencing court considered all appropriate factors. LSA-C.Cr.P. 894.1 provides a framework that, if followed, would clearly demonstrate that the necessary factors were considered and why a particular sentence was imposed. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Mims, 550 So.2d 760 (La. App. 2d Cir.1989). In setting out the factual basis for its sentence, the trial court insures that the sentence is tailored to the offender and the particular offense. State v. Hogan, 480 So.2d 288 (La.1985); State v. Smith, 433 So.2d 688 (La.1983).
Even though the trial court takes into account all the appropriate circumstances a sentence still violates the constitution's prohibition against excessiveness if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, supra. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983).
We affirmed a 35 year sentence to a second felony offender for possession with intent to distribute marijuana. State v. Swafford, 588 So.2d 1276 (La.App. 2d Cir. 1991). Two consecutive 15 year sentences were affirmed for a 34-year old second felony offender on two counts of distribution of cocaine similar in amount to that sold in this case, but without the use of a minor. State v. McGraw, 597 So.2d 169 (La.App. 2d Cir.1992).
The trial court adequately defined its reasons for judgment. In this case the sentence was sufficiently tailored to defendant and his offense. Considering the sentencing range, defendant's personal history, his continued involvement in criminal activities, the sentence imposed is not excessive or an abuse of the broad discretion granted to the trial court. Defendant's past conduct and repeated criminality clearly supported the imposition of this sentence.
AFFIRMED.