BROWN, Judge.
Defendant, Janet Winston, who was charged with attempted second degree murder bargained to plead guilty to the lesser crime of aggravated battery. She appeals her five year hard labor sentence as unduly harsh and excessive. Determining that this sentence does not shock our sense of justice, we affirm.
FACTS
In brief defendant asserts that she “shook a .32 caliber pistol [revolver]” at the victim. That the victim grabbed the barrel and the gun discharged. In brief defendant further claims that she “did not threaten Evelyn Jones [victim] before the gun discharged”. Under these circumstances and because she is mother to six children, defendant believes the five year sentence is excessive.
By pleading guilty, the facts were not developed, allowing the defendant the advantage to now claim the shooting was accidental. The record that does exist, however, belies this attempt for justification. We have carefully reviewed the preliminary hearing, the Pre-Sentence Investigation Report (PSI) and the court’s comments at sentencing.
The defendant, who is unmarried, has six children. The father of her children was dating the victim at the time of this incident.[1] On the night of this incident, defendant was driving in St. Joseph with Brenda Parks when she saw the victim, who was also driving in town. Defendant took Ms. *1386 Parks home, loaded her pistol and went looking for the victim. She found the victim and they both stopped at an intersection. Defendant exited her vehicle and approached the victim’s car, waving the gun and cursing. Inside the victim’s car were two children, ages four and eight. The victim stated that defendant put the gun to the victim’s forehead and shot as the victim pushed the barrel away.
The bullet hit the victim in the shoulder just below the neck. The bullet passed cleanly through the victim and then between the victim’s two children. Defendant surrendered to the custody of the police chief of St. Joseph and stated she had shot the victim. Significantly, defendant did not claim the shooting was in self-defense or accidental. The police chief examined the revolver and found it to be a double action type which required “quite a bit of trigger pressure for the gun to go off by accident” (PSI).
The record demonstrates that this was not the first occasion in which the defendant sought out the victim and committed a violent act. In 1990, approximately 10 months before this incident, defendant went to the victim’s home, struck the victim and was subsequently convicted of simple battery.
DISCUSSION
Defendant claims her sentence was excessive because she was 26 years old, a first felony offender and the mother of six children.
As a general rule the trial court has wide discretion to sentence within the statutory limits. In exercising our appellate review, we are cognizant of the trial court’s unique and advantageous position to observe the defendant, evaluate the circumstances of the crime and judge its impact on the community. Thus, absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. McGraw, 597 So.2d 169 (La.App.2d Cir.1992).
LSA-La. Const. Art. 1 § 20, however, prohibits the imposition of excessive punishment. Pursuant to this constitutional command we must review sentences when requested to determine if they are excessive. To enable this court to carry out its review function, the trial court must articulate its factual basis for the sentence. The law mandates that the trial court consider certain factors in its sentencing deliberation. LSA-C.Cr.P. Art. 894.1 provides a framework that, if followed, will clearly demonstrate that all appropriate factors were studied and why a particular sentence was imposed. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Mims, 550 So.2d 760 (La.App.2d Cir.1989); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.1988), writ denied, 521 So.2d 1143 (1988). The record shows that the trial court did consider all the necessary factors in accordance with Art. 894.1. In fact, defendant admits that the trial court complied with Art. 894.1 and only contends that the sentence imposed is too harsh.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App.2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra; State v. Madison, 535 So.2d 1024 (La.App.2d Cir.1988).
*1387 In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions and may properly review all prior criminal activity. For sentencing purposes, a trial court may consider a defendant’s attitude and criminal propensities. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.), writ denied, 452 So.2d 695.(1984).
The trial court concluded that defendant was likely to engage in further criminal activity based upon the fact that she had previously committed a battery upon this same victim for the same underlying cause. Her escalation of the level of violence in the two incidents was seen by the court as an example of her continuing proclivity for such behavior. Further, the trial court correctly noted that defendant seriously endangered the lives of two children, ages four and eight.
Defendant faced a maximum exposure of fifty years imprisonment at hard labor on the initial charge of attempted second degree murder, and up to ten years for the crime of aggravated battery. Therefore, as a result of her plea bargain, defendant reduced her sentencing exposure by forty years.
A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Lighten, 516 So.2d 1266 (La.App.2d Cir.1987); State v. Winzer, 465 So.2d 817 (La.App.2d Cir.1985).
Appellant argues that the five years imprisonment is a hardship upon appellant’s six children and punishes those children under circumstances where a lesser sentence would not deprecate the seriousness of the crime. The trial court, however, specifically found that a lesser sentence would deprecate the seriousness of this offense and that while the children would suffer, the circumstances required incarceration. The trial court also took note of the fact that these children would be adequately cared for by their maternal grandparents.
Appellant further argues that the court did not consider as a sentencing altérna-tive, that appellant be recommended for participation in an intensive incarceration and parole supervision program as authorized by LSA-R.S. 15:574.5, and also that the sentencing court failed to consider suspending appellant’s sentence and imposing a period of court-approved community service.
A trial court is not required to render a suspended sentence or probation on a first felony offense. The court may consider whatever factors and evidence it deems important to determine the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App.2d Cir.1984); State v. Tully, 430 So.2d 124 (La.App.2d Cir.), writ denied, 435 So.2d 438 (1983). Likewise because defendant is eligible for intensive incarceration does not require such a sentence. See State v. McKethan, supra, and State v. Tully, supra.
Appellant’s sentence of five years is half the maximum sentence for aggravated battery. Appellant does not explain why this is a harsh and excessive sentence except for the hardship it will cause the children. Five years is not an excessive term for the crime of which she was convicted. See State v. Andrews, 451 So.2d 175 (La.App. 1st Cir.1984), in which the court held that a sentence of five years at hard labor for an aggravated battery conviction was not excessive despite the fact that defendant had no criminal record other than two DWI convictions, where his action in stabbing the victim could have resulted in death.
The sentence imposed in this case is not shocking to our sense of justice. Defendant sought out the victim after arming herself. Defendant cursed the victim and placed the revolver to her forehead. Defendant fired the gun without any regard for the lives of the victim or the two children who were also in the car. Defendant demonstrated no remorse and had previously gone to the victim’s home where she committed a battery. Under these circumstances, defendant has not shown that the trial court abused its wide discretion in sentencing defendant to five years at hard labor. This assignment is without merit.
*1388 The record has been reviewed for errors patent. LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record does not show that defendant was informed of this prescriptive period. Thus, the district court is directed to inform defendant of the provisions of Art. 930.8. The district court will send appropriate written notice to defendant within 10 days of the rendition of this opinion and will file written proof that she received the notice in the record of the proceedings.
CONCLUSION
The defendant has not demonstrated that the trial court failed to adequately consider the mitigating factors in this case or abused its discretion in imposing the sentence of five years at hard labor. Under the circumstances, the trial court did not abuse its discretion in sentencing defendant to five years at hard labor and the sentence is not unduly harsh or excessive.
AFFIRMED.

. At sentencing, statements from defendant’s attorney indicate that this man and the victim have married since the shooting.