| xWESTERFIELD, Judge Pro Tem.
Following a remand for resentencing due to the trial court’s failure to consider the Louisiana Felony Sentencing Guidelines (FSG), defendant appeals his three consecutive five-year sentences for possession of cocaine as excessive. We affirm.
FACTS
A bill of indictment charged defendant, Willie Gene Scott, with distribution of cocaine on May 6, 1992, May 21, 1992, and June 2, 1992. The record shows that on each occasion defendant approached an undercover police officer in Grambling and sold crack cocaine to the officer. The first sale involved two rocks; the second involved “several” rocks; and the third was a sale of one rock. Each transaction was for $20. The defendant agreed that he knowingly possessed a substance which he knew to be cocaine on the dates alleged in the indictment.
The trial court originally sentenced defendant to five years plus costs on each count, with the sentences to be served consecutively. After remand, the trial court sentenced defendant to consecutive five-year sentences. Defense counsel made an oral motion for reconsideration which stated no specific ground for reconsideration. Defendant appeals his sentence as excessive.
CONSTITUTIONAL EXCESSIVENESS
Since defendant did not state any specific ground for reconsideration, under State v. Mims, 619 So.2d 1059 (La.1993), he is “simply relegated to having the appellate court consider the bare claim of’ constitutional excessiveness. State v. McEachem, 624 So.2d 43 (La.App. 2d Cir.1993).
We note that the trial court considered the FSG before imposing sentence and determined to depart upward from the sentence which the FSG recommended.
^While a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence. Where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
State v. Smith, 93-K-0402, 639 So.2d 237 (La. 7/5/94).
Concerning the claim of constitutional excessiveness, whether the term of imprisonment is too severe depends on the circumstances of the case and the background of the defendant. State v. Coleman, 605 So.2d 231 (La.App. 2d Cir.1992). For a discussion of the parameters applied in that determination, see LSA-Const. Art. 1, § 20; State v. Barberousse, 480 So.2d 273 (La.1985); State v. Square, 433 So.2d 104 (La.1983); State v. Bonanno, 384 So.2d 355 (La.1980).
As a general rule, maximum sentences are appropriate only in cases involving *1093 the most serious violation of the offense and the worst type of offender. State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988). This general rule is more difficult to apply in contraband cases than in cases involving violent offenses. Past records of drug offenses should weigh heavily in the decision to uphold the imposition of maximum sentences. State v. Mayweather, 556 So.2d 200 (La.App. 2d Cir.1990).
Consecutive sentences may be justified when an offender, due to his past conduct or repeated criminality over an extended period of time, poses an unusual risk to the safety of the public, similar to that posed by habitual or dangerous offenders. State v. Camps, 476 So.2d 864 (La.App. 2d Cir.1985), writ denied, 481 So.2d 616 (La.1986), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 658 (1986); State v. McGraw, 597 So.2d 169 (La.App. 2d Cir.1992). Two distinct drug transactions, carried out a week apart and paid for separately, are not part of a common plan or scheme, even though they involve the same undercover officer. State v. Miller, 561 So.2d 892 (La.App. 2d Cir.1990), writ denied, 566 So.2d 983 (La.1990); State v. McGraw, supra.
In Miller, supra, this court affirmed consecutive five-year sentences for sales of marijuana and cocaine which occurred as a single transaction, noting that the defendant was actively and regularly involved in drug trafficking. In that case, the 33-year-old defendant had a conviction for possession of marijuana which he had bargained down from a charge of possession with intent to distribute. He was a high school graduate with a history of mental problems, and he was drawing social security disability payments.
In this case the defendant was 38 years old at the time of the offenses. He actively sought out the undercover agent on three occasions, separate in time, asking her each time what she wanted and then producing the requested cocaine.
Defendant was convicted in January 1985 in Dallas, Texas, for possession of phencycli-dine which is a Schedule I controlled dangerous substance (CDS). He was charged with distribution of cocaine in 1987, but was allowed to plead guilty to possession. His record included an arrest without disposition for simple battery, a bond forfeiture for aggravated assault, bond forfeitures for disturbing the peace and simple battery, and additional convictions for resisting an officer and committing battery upon an officer.
The trial court noted that the PSG recommend sentences based upon the statute of conviction. Thus, in recommending a punishment for possession of a CDS the FSG did not consider “typical” that the offender actually distributed the drug as | ¿¿happened here. Although the maximum sentence for possession was five years this defendant had actively engaged in the business of dealing drugs. Therefore, the court determined that the recommendation of 60 months as the combined maximum for consecutive sentences was inappropriate for this offender.
The consecutive five-year sentences imposed in this case do not shock the judicial conscience, nor do they appear to be a needless infliction of pain and suffering. The defendant was of mature age, had graduated from high school and attended one year of college. He claimed to be self-employed. He sold cocaine on three separate occasions by seeking out a purchaser. His actions support the trial court’s conclusion that he was active in the business. Under the circumstances, we do not find the sentence to be constitutionally excessive.
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief (PCR). The record shows the court informed defendant that he had three years “from this date” to apply for PCR. That advice was erroneous; the prescriptive period does not begin until the judgment of conviction and sentence is final. This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the ease for resentencing. State v. Cox, 604 So.2d 189 (La.App. 2d Cir.1992); LSA-C.Cr.P. Arts. 921, 930.8(C). The district court is directed to give defendant corrected written notice of the prescriptive period for applying for PCR within 10 days of the rendition of this opinion and to file defendant’s receipt of such notice in the *1094 record of the proceedings. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992).
We have examined the record for error patent and found none.
The convictions and sentences are affirmed.
AFFIRMED.