719 So.2d 169 (1998)
STATE of Louisiana, Appellee,
v.
Marc RANDLE, Appellant.
Nos. 31070-KA, 31071-KA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1998.
*170 Whitmeyer and Glassell by Stephen A. Glassell, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Howard M. Fish, Assistant District Attorney, for Appellee.
Before NORRIS, HIGHTOWER and GASKINS, JJ.
PER CURIAM.
The defendant, Marc Randle, appeals as excessive his sentence to forty years at hard labor following his plea of guilty to the charge of attempted second degree murder. For the following reasons, we affirm the conviction and sentence.

FACTS
On August 1, 1994, defendant and two companions, Calvin Tolbert and Sancho Rushing, participated in an armed robbery at Liberto's Grocery in Shreveport. While preparing to commit the crime, the three decided to shoot the store proprietors. During the robbery, Tolbert shot and killed Wilma Liberto and wounded Paul Liberto. The defendant also fired a handgun at and hit Paul Liberto, who sustained two bullet wounds which rendered him paralyzed for life. The defendant then emptied the money from the store's cash drawer.
A grand jury indicted the defendant, Tolbert and Rushing for first degree murder. In exchange for his agreement to testify truthfully against Tolbert, the prosecution agreed to accept the defendant's guilty pleas to attempted second degree murder and to armed robbery. Tolbert was convicted and sentenced to life imprisonment.[1]
After the entry of the guilty pleas, the trial court sentenced defendant to serve 25 years at hard labor without benefit of parole, probation or suspension of sentence for the armed robbery and to serve 40 years at hard labor, concurrent, on the attempted murder charge. The court also stated that the defendant was not being denied eligibility for "good time."
Following the court's denial of his timely motions to reconsider, defendant appealed as excessive his sentence to 40 years at hard labor on the attempted second degree murder charge, urging that the sentence should be amended to 25 years in consideration of his cooperation against Tolbert.[2] For the *171 following reasons, this argument is without merit.

DISCUSSION
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). Defendant has not challenged the adequacy of the trial court's compliance with article 894.1.
The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Henton, 28,576 (La. App.2d Cir.9/25/96), 682 So.2d 777, writ denied 96-2590 (La.3/27/97), 692 So.2d 391; State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
In cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied 96-0836 (La.9/20/96), 679 So.2d 430.
In this case, prior to imposing sentence, the trial court reviewed a presentence investigation report. The court was aware of the terms of the plea bargain and the reported facts of the case. The court noted the severity of the injuries to the surviving victim, the obvious loss of life involved and concluded that the offense involved considerable violence and manifested deliberate cruelty.
Considering the facts of this case, we find that the forty-year hard labor sentence is not excessive. The record demonstrates no valid reason for defendant to use deadly force against the victims. As a principal to a first degree murder, the defendant originally faced the death penalty, but reduced his sentencing exposure substantially through his plea bargain. The offenses of conviction do not adequately describe the defendant's conduct. His argument before this court is merely that he should receive even more consideration for carrying out his obligation under the plea agreement. The twenty-year-old defendant was an active participant in this planned, violent act which took the life of one human being and unnecessarily rendered another totally paralyzed for the remainder of his life. Under these circumstances, the sentence imposed does not shock the sense of justice and is not a needless or purposeless infliction of pain and suffering. Therefore, it is not unconstitutionally excessive. The assigned error lacks merit.

ERROR PATENT
Upon review of the record, we note that the trial court informed the defendant that, "you have three years to pursue any post-conviction relief remedies to which you are accorded by law." La.C.Cr.P. art. 930.8 provides that the prescriptive period for applying *172 for post conviction relief commences from the finality of the defendant's conviction and sentence. This defect has no bearing on the sentence and is not grounds for remand. La.C.Cr.P. art. 921. The trial court is directed to give appropriate written notice of the prescriptive period for post conviction relief within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of these proceedings. State v. Dunn, 30,346 (La.App.2d Cir.2/25/98), 708 So.2d 512.

CONCLUSION
For the reasons stated above, the conviction and sentence of the defendant, Marc Randle, are affirmed.
AFFIRMED.
NOTES
[1] Tolbert's conviction and sentence were affirmed by this court in State v. Tolbert, 30,821 (La.App.2d Cir.8/19/98), 716 So.2d 949.
[2] The defendant was charged in the trial court under separate docket numbers with armed robbery and attempted second degree murder. Following the denial of the motions to reconsider in both cases, the defendant appealed his convictions and sentences. The armed robbery charge bears docket number 31,071 in this court and the appeal of attempted second degree murder conviction and sentence is contained in docket number 31,070. These cases were consolidated on appeal by this court. However, in his brief, the defendant now asserts that he is appealing only the conviction and sentence in No. 31,070, relating to attempted second degree murder. Accordingly, the appeal in No. 31,071 is deemed abandoned by the defendant.