733 So.2d 72 (1999)
STATE of Louisiana, Appellee,
v.
Samuel Joseph TAYLOR, II, Appellant.
No. 31,860-KA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1999.
*73 Lane Pittard, Indigent Defender Board, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Randall Smith, Assistant District Attorney, Counsel for Appellee.
Before BROWN, STEWART and KOSTELKA, JJ.
BROWN, J.,
Defendant, Samuel Joseph Taylor, II, pled guilty as charged to one count of cruelty to a juvenile, a violation of La. R.S. 14:93 punishable by a fine and no more than ten years at hard labor. The trial court sentenced defendant to eight years at hard labor, with two years suspended. Defendant's timely motion for reconsideration was denied. Defendant appeals his sentence as excessive. We affirm.

Discussion
The record reveals that in February 1997, the juvenile unit of the Bossier City Police Department investigated a complaint of severe injuries sustained by defendant's two month old daughter. The infant had shaken baby syndrome, retinal bleeding, loss of vision and a possible skull fracture. Defendant initially denied any knowledge of the baby being shaken. One of the other children in the household, however, reported to police that defendant had shaken the infant because she was crying. After being advised of his rights, defendant admitted that he had gotten angry when the baby would not stop crying and that he had shaken her 10-12 times while yelling at her. She then went limp in his arms and stopped crying.
On appeal, defendant urges that his sentence is excessive.
A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La. App. 2d Cir.1989).
Prior to imposing sentence, the trial court reviewed a PSI report and, at defendant's request, conducted a hearing at which the victim's mother testified. The child victim, then 18 months old, was partially paralyzed, needed leg braces and had difficulty seeing. Her neurologist opined that she would only be 90% normal and that the brain damage she suffered could affect her learning ability. The court noted that defendant had an adult conviction for simple assault in 1996. The court then stated that there is "nothing much more heinous than injuring a helpless infant."
On the record, we do not find constitutional error. Defendant has a prior conviction for behavior which endangered the safety of a person. There was absolutely no mitigation or justification for the offense. The child victim's injuries are severe and, apparently permanent to some degree. The 25-year-old defendant presents no circumstances which would require the imposition of a lesser sentence. He initially denied any knowledge of the cause *74 of his daughter's injuries and confessed only when confronted with the eyewitness testimony of the infant's older brother. Under the circumstances, the sentence does not shock the sense of justice and does not constitute a needless or purposeless infliction of pain and suffering. This assignment of error is meritless.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.