hPER CURIAM.
The defendant, Pamela Kaye Potts, was charged with second degree murder in the shooting death of Jessie J. Young, Jr. However, she pled guilty to a reduced charge of manslaughter and was sentenced to 40 years at hard labor. Finding no merit to her claim that the sentence is excessive, we affirm.
*492 FACTS
The 33-year-old defendant lived in a tumultuous relationship with the 64-year-old victim for about four years. On February 4, 1997, the defendant and the victim argued. One of the victim’s sons heard the defendant tell the victim she was going to kill him. Several minutes later, the defendant shot the victim in the face with a shotgun. According to the victim’s son, only the defendant and the victim knew where the weapon was stored. After the shooting, the defendant fled the house and told a bystander “you didn’t see me.”
The defendant initially told one of the victim’s sons that the victim had shot himself. During her guilty plea, the defendant claimed the shooting was accidental and that the victim had threatened her with a knife. However, she conceded he had put the knife away before she shot him.
Although originally charged with second degree murder, the defendant agreed to a plea bargain whereby she would plead guilty to the lesser offense of manslaughter. No agreement as to sentence was made. After reviewing a presentence investigative (PSI) report which detailed the defendant’s history of violence, the trial court imposed the maximum sentence for manslaughter, 40 years at hard labor. A timely motion for reconsideration of sentence was denied.
On appeal, the defendant contends that the trial court erred in imposing an excessive sentence and in considering her illegitimacy as a factor when sentencing her.
I,LAW
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Landos, 419 So.2d 475 (La.1982).
The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991); State v. Richardson, supra. However, in cases where the defendant has pled guilty to an offense which does not adequately describe her conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is especially true in cases involving violence committed upon the victim. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
JgDISCUSSION
Prior to imposing sentence, the trial court noted that the defendant had pled guilty to a reduced charge. The court considered her social background and family history as recounted in the PSI report. The defendant had an eleventh grade education and no employment record. Although never married, she had one child who was being raised by a cousin. She had prior convictions for theft, aggravated battery (she cut one man and threatened another with a knife), interfering with an officer, disturbing the peace, *493 possession of drug paraphernalia, and criminal damage to property. The reports of her battery arrests showed the defendant repeatedly engaged in violent behavior and that she had fought with and injured the victim in the past when he refused to buy crack cocaine for her. Her record of batteries and brief periods in custody indicated to the court that defendant might commit another crime if granted probation. The court found that a lesser sentence would deprecate the seriousness of the offense. Statements from the victim’s family members indicated the defendant was the aggressor in the fatal altercation. In conclusion, the court found the aggravating factors outweigh any in mitigation.
We find no error in the trial court’s reference to the fact that defendant was the offspring of a non-marital union between her parents. Indeed, a defendant’s familial ties and background are among the factors which a trial court should consider in tailoring an appropriate sentence to the individual and the crime. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), unit denied, 521 So.2d 1143 (La.1988). However, there is no indication that the trial court considered this minor factor as an aggravating circumstance. Thus, we [¿find no merit to the defendant’s argument that she was denied equal protection by the court’s consideration of her status as an illegitimate.
On this record as a whole, we do not find' that the term of incarceration imposed is constitutionally excessive. As originally charged, the defendant had a sentencing exposure of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Although the state stipulated to facts constituting the offense of manslaughter for purposes of the plea agreement, the evidence shows the defendant was guilty of the offense originally charged. Thus, her plea bargain substantially reduced her sentencing exposure. Under these circumstances, the trial court was well justified in imposing the maximum sentence possible.
Considering the defendant’s lengthy history of arrests, her record of violence upon others, and the benefit she received from her plea bargain, the sentence imposed does not shock the sense of justice and is not a needless infliction of pain and suffering. Therefore, it is not constitutionally excessive.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.