JjDREW, J.
Defendant pled guilty as charged to DWI (third offense). The district court imposed the maximum penal sanction of five years at hard labor without benefit of parole, probation or suspension of sentence, plus the other punishments required by the statute: a fine of $2,000 and forfeiture and sale of defendant’s vehicle. The sentencing court denied defendant’s timely motion for reconsideration of sentence. Defendant appeals his sentence as constitutionally excessive. We affirm.
On January 24, 1998, a Louisiana State Trooper saw defendant’s car weaving across the center line and off the shoulder of 1-20 in Bossier Parish. When the trooper initiated contact, the defendant had no driver’s license, smelled strongly of alcohol and had trouble maintaining his balance. Defendant failed the one leg stand test. He refused an intoxilizer test, but admitted he had consumed several beers. For charging purposes, defendant had prior DWI convictions in March 1992 and April 1993. An earlier DWI was outside the 10-year cleansing period threshold.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). The record shows that the trial court’s articulation of reasons adequately provides a basis for the sentence adjudged.
*883 The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to |?society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
Prior to imposing sentence, the district judge reviewed a PSI report. Defendant had prior DWI convictions in 1986, 1992 and 1993. He also had a 1993 conviction for distribution of cocaine. He had been on probation three times for DWI but obviously had not learned to control his drinking. The court concluded that defendant’s record indicated that a lesser sentence would deprecate the seriousness of the offense and showed a likelihood of continued criminal conduct if defendant were to be granted probation.
On this record, we do not find constitutional error. The defendant, age 39, is a mature second-felony offender who has one prior DWI conviction in addition to the offenses charged in this matter. We note that the instant arrest was made after several motorists notified the Louisiana State Police that defendant was driving erratically on a high speed interstate highway. Defendant’s criminal conduct clearly created a risk of serious bodily harm or death to numerous innocent motorists. Having duly considered the totality of the circumstances, the sentence adjudged' — including the requirement that it be served without benefit of probation, parole or suspension of sentence — does not shock our sense of justice and is not a needless or purposeless infliction of pain and suffering. Therefore, it is not constitutionally excessive. The assigned error is without merit.
We have reviewed the record for error patent, La.C.Cr.P. art. 920(2), and found none.
The conviction and sentence are affirmed.
AFFIRMED.