750 So.2d 436 (2000)
STATE of Louisiana, Appellee,
v.
Chauncey SUTTON, Appellant.
No. 32,871-KA.
Court of Appeal of Louisiana, Second Circuit.
January 26, 2000.
Louisiana Appellate Project by Peggy J. Sullivan, Monroe, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Brian L. King, Tommy J. Johnson, Assistant District Attorneys, Counsel for Appellee.
Before WILLIAMS, STEWART and CARAWAY, JJ.
STEWART, J.
The defendant, Chauncey Sutton, pled guilty as charged to one count of carnal *437 knowledge of a juvenile, a violation of La. R.S. 14:80, and to being a second felony offender. The trial court sentenced the defendant to serve fifteen years at hard labor without benefit of probation, parole, or suspension of sentence, then increased the sentence to eighteen years after both the defendant and the state filed motions to reconsider sentence. The defendant now appeals his sentence as excessive. We affirm.

FACTS
The defendant, age thirty-four, committed the offense of carnal knowledge of a juvenile on October 30, 1998. His victim was thirteen years old and the daughter of his former live-in girlfriend. The defendant had pled guilty in 1994 to two counts of indecent behavior with juveniles arising from his acts of fondling the same young girl and her younger sister. He received a suspended sentence of five years and was placed on probation. After violating the terms of his probation, he received a four year sentence of imprisonment and was released in March 1998. Thereafter, he resumed contact with his young victim and committed the instant offense.
After the defendant pled guilty to the offense and to being a second felony offender, the trial court conducted a sentencing hearing at which the defendant admitted to having engaged in the same conduct with the victim on at least five occasions since his release from prison in March 1998. Testimony was presented concerning the adverse impact the crime has had on the young victim. It was also disclosed that the defendant had written a letter to the victim's mother threatening harm to her. The trial court imposed a fifteen year sentence pursuant to the guidelines of La. R.S. 15:529.1(A)(2)(a).
Both the defendant and the state filed motions to reconsider sentence in accordance with La.C.Cr.P. art. 881.1. In support of its motion, the state presented the letter written by the defendant to the victim's mother. In this letter, the defendant made threats against the victim's mother and expressed his lack of remorse for the crime. The trial court denied the defendant's motion, granted the state's motion, and increased the sentence to eighteen years. The defendant then appealed, assigning as error the trial court's rulings on the motions to reconsider sentence and the excessiveness of the sentence.

DISCUSSION
The defendant argues that a sentence of eighteen years, or even fifteen years, is excessive. He contends that the trial court discounted his testimony that counseling was not made available to him while he served time on the 1994 charges and that he was told that he did not need treatment when he attempted to obtain help from a treatment facility. The defendant also asserts that his crime was not one involving violence and that he is not among the worst of offenders for whom maximum sentences are reserved.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). Our review of the record shows that the trial court's articulation of reasons is adequate to support the sentence.
The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless or needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 *438 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Carnal knowledge of a juvenile carries a sentence of imprisonment, with or without hard labor, for not more than ten years. For a second felony offender, the sentence is enhanced to a term of not less than five years nor more than twenty years. La.R.S. 15:529.1 A(2)(a). The eighteen year sentence imposed by the trial court is well within the statutory guidelines.
In imposing the sentence, the trial court noted that the defendant had a prior conviction for indecent behavior with the same young victim and her sister. The trial court also noted that the defendant served time in prison after violating the terms of probation arising from the prior conviction and that he resumed contact with the young victim after being released from prison. Contrary to the defendant's assertion that counseling was not available to him while incarcerated, the trial court believed that the defendant failed to avail himself of available counseling while incarcerated. Additionally, the extreme age disparity between the defendant and the victim was a factor considered by the trial court along with the effect of the defendant's behavior on the victim's siblings, three of whom are the defendant's biological children. The trial court received expert testimony that the victim was suffering psychologically and that her school performance had deteriorated as a result of the defendant's actions. The trial court noted that the defendant had abused his status within the victim's family to facilitate the commission of the crime and found no justification or excuse for the defendant's behavior. Finally, the trial court determined that the defendant was in need of correctional treatment in a custodial environment and that a lesser sentence would deprecate the seriousness of the offense.
At the hearing on the motions to reconsider sentence, the actual letter written by the defendant to the victim's mother was presented to the trial court. The trial court reviewed this letter and noted that the defendant called the victim's mother "disturbing and vulgar" names, made implicit death threats against her, and described how much he enjoyed sex with the young victim. The trial court concluded that the contents of the letter showed that the defendant's statements of remorse made at the sentencing hearing were false and that an increase in the sentence was warranted.
Based on this record, we do not find constitutional error in the defendant's sentence. The defendant has a prior conviction for indecent behavior with the same victim. Although the instant charge arose from only one act of carnal knowledge, the defendant admitted that he engaged in the same conduct repeatedly over several months. The letter he wrote to the defendant's mother shows he has no remorse for what he did and that he does not understand the gravity of his offense. The facts of this case show the defendant to be among the worst type of offender for whom a maximum or near maximum sentence is appropriate.
Considering the defendant's background and criminal history, the sentence imposed does not shock our sense of justice. Nor does the term of imprisonment imposed constitute an abuse of the trial court's sentencing discretion. We find that the sentence is not constitutionally excessive and that the trial court did not err in denying the defendant's motion to reconsider sentence or in granting the state's motion.

*439 CONCLUSION
For the reasons discussed, the defendant's conviction and sentence are affirmed.
AFFIRMED.