JjPEATROSS, J.
Defendant, Anthony Lawson, was charged with simple robbery, conspiracy to commit simple robbery and second degree battery. The State agreed to dismiss the conspiracy and battery charges in exchange for Defendant’s guilty plea to simple robbery, a violation of La. R.S. 14:65, punishable by imprisonment for not more than seven years with or without hard labor, a fine of $3,000 or both. The trial court sentenced Defendant to serve six years at hard labor, with credit for time served. Defendant failed to move for reconsideration of sentence, but now appeals, asserting that his sentence is excessive. For the reasons stated herein, Defendant’s conviction and sentence are affirmed.

DISCUSSION

The record indicates that Defendant, along with two co-defendants Travis White and Robert Jones, plotted to commit a robbery of the Bonne Idee Water Service Office in Mer Rouge, Louisiana. On August 28, 2000, they executed their plan; Defendant acted as the driver of the getaway car and lookout while White and Jones entered the office. The victim, Rhonda Little, was the sole employee in the office. White beat Ms. Little, causing serious facial trauma, including a broken jaw, while Jones took a briefcase and pulled the telephone line from the outlet. The three men fled in the getaway car driven by Defendant. Since the badly beaten Ms. Little was unable to telephone for assistance (because White had pulled the cord from the outlet), she managed to crawl to her vehicle and drive herself to the police station in nearby Mer Rouge. She was immediately transported to the | ¡.hospital. Ms. Little has undergone extensive facial reconstruction surgery to repair the damage done to her face and jaw.
The three perpetrators were identified during the police investigation and, ultimately, provided statements to the police admitting involvement in the crime. In his statement, Defendant admitted having knowledge that White and Jones were going to rob the water facility. As previously stated, pursuant to a plea bargain, Defendant pled guilty to simple robbery and was sentenced to six years at hard labor.
Since Defendant failed to file a La.C.Cr.P. art. 881.1 motion to reconsider sentence, this' court’s review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
*1016 Prior to imposing sentence in this case, the trial court considered an impact statement from Ms. Little’s husband in which he told the trial court that she was afraid to go outside and could no longer work in public. In addition, the trial court reviewed photographs of Ms. Little’s injuries, noting their severity. The trial court then considered a pre-sentence investigation report regarding Defendant’s background and the circumstances of this particular offense. The trial court concluded that Defendant was culpable of robbery as a knowing principal and noted that this was a crime of violence with a maximum sentence of seven years. Further, during the commission |3of the offense, Ms. Little feared for her life; and, at the time of sentencing, she was still experiencing facial pain and headaches. The trial court noted that Defendant was a first felony offender, but had a prior conviction for aggravated assault. The trial court further found that there was a likelihood Defendant would commit another offense if granted probation, that correctional treatment was appropriate and that a lesser sentence would deprecate the seriousness of the offense. Significantly, the trial court concluded that Defendant knew intimidation would be used during the robbery, which was a violent crime that resulted in substantial injury, loss of money and time from work for the victim.
In mitigation, the trial court noted that Defendant was young, age 19, had no prior felonies and was not present in the office during the robbery and beating.
On this record, we do not find constitutional error. The sentence imposed is lawful; and, under the circumstances, it is neither grossly disproportionate to the severity of the offense committed nor is it shocking to the sense of justice. Absent a showing of manifest abuse of discretion, we will not set aside a sentence as excessive. State v. Randle, 31,070 (La.App.2d Cir.9/23/98), 719 So.2d 169. There has been no showing that the trial court abused its discretion in imposing this sentence.

CONCLUSION

The conviction and sentence of Defendant, Anthony Lawson, are affirmed.
AFFIRMED.