|, STEWART, J.
The defendant, Jamie Nicole Sayers, entered a guilty plea to one count of possession of methamphetamine, a violation of La. R.S. 40:967(C). She now appeals her sentence of three years at hard labor as excessive. We affirm.
FACTS
On June 2, 2001, a traffic stop in Shon-galoo, Louisiana, involving a drug arrest led police to visit a residence where the defendant was staying. The purpose of the visit was to check on the suitability of leaving the defendant’s sister, a minor child, with her. When the police arrived at the residence, they noticed rolling papers and a bag containing what appeared to be marijuana in Sayers’ open purse near the front door. The police then arrested Sayers, who advised them that there was an infant in a back room. While checking on the infant, the police noticed other items of drug paraphernalia about the house. Sayers was also caught trying to conceal a small plastic bag containing methamphetamine, which she held in her handcuffed hands behind her back. The police secured the residence and obtained a search warrant. They seized 7.62 grams of marijuana, drug paraphernalia, and items which could be used in the manufacture of methamphetamine.
The defendant entered a guilty plea to one count of possession of a Schedule II Controlled Dangerous Substance, methamphetamine, a violation of La. R.S. 40:967(C) punishable by not more than five years at hard labor and an optional fine. The trial court accepted the guilty plea and ordered a pre-sentence investigation (“PSI”) report. After reviewing the PSI report, |2the trial court sentenced the defendant to three years at hard labor with credit for time served and with a recommendation that a portion of the sentence be served in a substance abuse program. A timely filed motion to reconsider the sentence for excessiveness was denied. This appeal followed.
DISCUSSION
Sayers argues that the three year hard labor sentence is excessive because she is a first time felony offender with minor dependents and because the sentence of incarceration does not adequately address her substance abuse illness.
Where, as here, a defendant’s motion for reconsideration of sentence urges merely that the sentence is excessive, the defendant is relegated to a claim of constitutional excessiveness on appeal. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. This constitutional review turns on whether the sentence is grossly disproportionate to the seriousness of the offense or nothing more than a purposeless or needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Sutton, 32,-871 (La.App.2d Cir.1/26/2000), 750 So.2d 436. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d *932 714 (La.App. 2d Cir.1989); State v. Sutton, supra.
13Á trial court has wide discretion to sentence within the statutory limits, and a sentence imposed within such limits will not be set aside as excessive absent a showing of manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Sutton; supra.
The three year hard labor sentence was within the statutory limits of La. R.S. 40:967(C) for the possession of methamphetamine charge. In imposing the sentence, the trial court thoroughly considered the facts of the case and reviewed the PSI report which provided extensive information about the defendant’s background. The defendant, age twenty-three, had dropped out of school in the eleventh grade and had not obtained a GED. At the time of her PSI interview, she was residing with a parolee. Though she was a first time felony offender, her adult criminal history included convictions for theft by shoplifting, possession of marijuana, and traffic violations. After her arrest on the instant charge, she incurred subsequent charges including illegal use of a controlled dangerous substance in the presence of a minor, possession of marijuana, possession of drug paraphernalia, theft, and disturbing the peace. She was on probation for the latter charge at the time of sentencing.
Based on these factors, the trial court found Sayers to be a poor candidate for probation. The court noted that Sayers was a first time felony offender with responsibility for an infant. However, considering Sayers’ drug involvement and the fact that she had possessed drugs in the presence of the infant, the trial court believed the infant would be better off in another environment than what Sayers had been providing. Finally, the trial 14court concluded that a lesser sentence would deprecate the seriousness of the offense.
On this record, we do not find constitutional error. The mid-range sentence is lawful and supported by the defendant’s prior drug-related conviction and criminal history. The trial court considered all the circumstances of this case and recommended a treatment program as part of the incarceration. Giving due consideration to the facts of this case and the defendant’s background, we find that the sentence is neither grossly disproportionate to the offense nor shocking to our sense of justice. There is no showing of an abuse of discretion by the trial court in imposing a three year hard labor sentence under the facts and circumstances of this case. The sentence is not constitutionally excessive.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.