612 So.2d 822 (1992)
STATE of Louisiana
v.
Abram BANKS.
Nos. 92 KA 0030 C/W, 92 KA 0031.[1]
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
Writ Denied March 26, 1993.
*824 Doug Moreau, Dist. Atty., Office of the District Attorney, Baton Rouge by Jesse Bankston, Asst. Dist. Atty., for plaintiff/appellee.
Mike Mitchell, Public Defender's Office, Baton Rouge, for defendant/appellant.
Before CARTER and LeBLANC, JJ., and CHIASSON[*], J. Pro Tem.
LeBLANC, Judge.
The defendant, Abram Banks, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. He pled not guilty and, after trial by jury, was found guilty as charged on September 4, 1991. After a hearing, Banks was adjudicated a second felony habitual offender. He was sentenced to sixty-five years at hard labor without benefit of parole, probation, or suspension of sentence with credit for time served. See LSA-R.S. 15:529.1. He has appealed, urging the following assignments of error:
1. The trial court erred when it denied the defendant's motion for mistrial.
2. The trial court erred when it denied the defense challenge for cause.
3. The trial court erred when it overruled defense counsel's objection to the introduction of evidence.
4. The trial court erred when it overruled defense counsel's objection to the form of the habitual offender charge.
5. The trial court erred when it adjudged the defendant to be a second felony offender.
6. The trial court erred when it imposed an excessive sentence and failed to comply with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1.
The defendant expressly abandoned assignments of error numbers two and three. For the reasons expressed, we affirm.

DISCUSSION
On February 12, 1991, at approximately 5:25 p.m., Rhonda Woolsey left the Renaissance Rehabilitation Hospital on North Boulevard in Baton Rouge, Louisiana, where she had been working as a nurse. When she walked out the back door of the hospital, she noticed two men standing in the back corner of the parking lot. As she walked toward her car, she noticed one of the men, who she later identified as Banks, walking toward her. As soon as she opened her car door and sat down, Banks appeared next to her. He pointed a gun at her and demanded that she give him her purse. Ms. Woolsey testified that she said "No." Banks then moved the gun closer to her head, reached across her body and grabbed her purse from her shoulder. He *825 then ran to the other man in the parking lot, who appeared to be a lookout.
The victim immediately reported the robbery to the police. She also canceled all her credit cards that had been in the stolen purse. Later the same evening, Banks was arrested when he, another male and a female attempted to use the victim's credit cards to buy clothes.
ASSIGNMENT OF ERROR NUMBER ONE:
Banks argues in his first assignment of error that the trial court erred in denying his motion for a mistrial. He contends that the trial court should have declared a mistrial after it informed potential jurors that his counsel was from the Office of the Public Defender. Banks asserts that he was prejudiced by this remark and that the court, at least, should have admonished the venire to disregard the improper statement.
During the court's general instructions to the venire, the judge stated:
THE ATTORNEYSTHIS IS MR. JESSE BANKSTON FROM THE DISTRICT ATTORNEY'S OFFICE. THIS IS MR. MIKE MITCHELL FROM THE OFFICE OF THE PUBLIC DEFENDER, AND THIS IS MR. ABRAM BANKS, THE DEFENDANT.
The judge made these statements of general introduction to the venire before the first prospective juror was called for examination. Because the first prospective juror had not been called for voir dire examination at the time the trial judge made this statement, the mandatory provisions of La.C.Cr.P. art. 770 did not require a mistrial. The remark was otherwise not so prejudicial that it deprived Banks of a fair trial. See La.C.Cr.P. art. 771; State v. Martinez-Sanchez, 554 So.2d 1236 (La.1990). Furthermore, according to the record, Banks failed to request an admonition; he cannot now complain of any prejudice resulting from its omission. State v. Baldwin, 388 So.2d 664, 674 (La.1980), cert. denied, 449 U.S. 1103, 101 S.Ct. 901, 66 L.Ed.2d 830 (1981).
We find that the trial court properly denied the defendant's motion for a mistrial. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER FOUR:
In his fourth assignment of error, Banks argues that the trial court erred in overruling his objection to the form of the habitual offender charge. He contends that the document filed by the State formally charging him as a second felony habitual offender was not a proper bill of information under La.C.Cr.P. art. 463 as certain required language was left out of the form. He further asserts by using this particular form, the state was merely informing the court of his habitual offender status, rather than charging him as an habitual offender. He argues that this particular form is merely a conclusion of law and not a written accusation of a crime as required under La.C.Cr.P. arts. 463 and 464.
An habitual offender bill of information charging that a defendant has previously been convicted of one or more felonies does not charge a substantive crime. Such a proceeding is merely part of sentencing and allows enhanced penalties for repeat offenders. See State v. Langendorfer, 389 So.2d 1271, 1276-77 (La.1980). LSA-R.S. 15:529.1 D(1) provides that a district attorney may file an information charging a defendant as a multiple offender following his conviction for the instant crime if that defendant has prior convictions. However, this additional bill of information is merely a method of informing the court of the circumstances and of requesting an enhancement of the penalty to be imposed. State v. Walker, 416 So.2d 534, 535-36 (La.1982).
In the instant case, the district attorney filed with the trial court a document titled "INFORMATION TO ESTABLISH HABITUAL OFFENDER STATUS." In the document, the State requested that the trial court adjudge Banks to be an habitual offender. The document clearly set forth the defendant's previous convictions and facts which supported this information. Thus, the State adequately alerted the trial court and Banks as to the State's intent to proceed under LSA-R.S. 15:529.1. Additionally, the court sufficiently informed *826 Banks of his rights at the habitual offender hearing.
Banks contends that the document failed to conform to the basic requirements for a bill of information because it lacked technical language suggested in La.C.Cr.P. art. 463. However, because this document asserting habitual offender status did not charge Banks with a new crime, rather it gave the court information for penalty enhancement, we do not find that the habitual offender bill of information was defective or that it either unfairly misled or prejudiced the defendant.[1]
The trial court did not err in overruling the defendant's objection to the form of the habitual offender bill of information. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER FIVE:
Banks contends in his fifth assignment of error that the trial court erred in adjudging him to be a second felony habitual offender. He argues that the State did not meet the burden of proof required to prove his habitual offender status. Banks asserts that the manner in which the State identified him, i.e., witnesses' testimony proving that he and the previously convicted person are one and the same, was inadequate and a more objective identification, such as fingerprints, should have been used.
In order to prove a defendant is an habitual offender, the State has to establish by competent evidence that the defendant was convicted of the prior felony. State v. Jarvis, 569 So.2d 163, 167 (La.App. 1st Cir.1990). Prima facie proof of a prior felony conviction may be established by compliance with LSA-R.S. 15:529.1(F). However, LSA-R.S. 15:529.1(F) is not the exclusive method of proving a prior felony conviction; any other competent evidence may be used to establish such proof. State v. Sylvas, 558 So.2d 1192, 1203 (La.App. 1st Cir.1990).
Various methods of proving identity have been recognized. In State v. Curtis, 338 So.2d 662, 664 (La.1976), the Louisiana Supreme Court stated:
We do not consider that identity of name of defendant and the person previously convicted is sufficient evidence of identity. Identification of the accused may be by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those in the prison record introduced, or by photographs contained in the duly authenticated record. [footnote omitted].
During the habitual offender hearing, the State introduced into evidence documents which included a bill of information charging Abram J. Banks with possession of cocaine on June 28, 1988, and the court minutes of his guilty plea to that charge on March 6, 1989. The State also introduced into evidence the bill of information charging Abram Banks with armed robbery (the present offense) on February 12, 1991, and the minutes of his conviction on the charge. Additionally, Howard Norman of the Probation and Parole Office testified at the hearing that he supervised Abram Banks after his conviction for possession of cocaine. Norman identified Banks at the hearing and stated that Banks is the same person he supervised for the possession of cocaine conviction. Officer Daryl Rice of the Baton Rouge Police Department identified Banks as the same person he arrested in connection with an armed robbery charge. Rice also identified Banks as being the same person he saw on trial for the armed robbery charge in September of 1991.
The State thus proved that Banks committed a felony on June 28, 1988, and that, less than five years after his sentence thereon had been completed, he committed the instant felony. Moreover, the State established that Banks, who was convicted of the prior felony, was in fact the defendant *827 herein. Considering the above circumstances, we find that the State met its burden of proof under LSA-R.S. 15:529.1. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER SIX:
In his sixth assignment, Banks argues that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1. He contends that his sentence is disproportionate when compared to other persons in the same offender class and convicted of the same offense. Banks argues that in the instant case there was no harm to the victim and, although he was armed with a gun, he made no threats of violence to the victim. Further, Banks claims that the entire incident was "obviously a short ordeal for the victim."
The Louisiana Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has wide discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
In imposing sentence, the trial court considered the facts of the instant offense, Banks' presentence investigation report (PSI), and his criminal record. The court stated that Banks was not employed and had no work record except for eight months during which he was in construction. Banks has a significant criminal history with a lengthy arrest record and, at the time of sentencing, had two other felony charges pending against him. The court stated that Banks appeared to be a career criminal who admits having a continuing drug problem and has failed to seek treatment for his drug abuse. The court remarked that Banks did not show remorse or accept responsibility for this crime.
The court felt that Banks was in need of a custodial environment and unable at this time to be a contributing member of society. The court stated, "The defendant is a dangerous, violent and very callous young man, without any regard for the lives and property of others." The court determined that Banks is not a candidate for rehabilitation and that his conduct threatened serious physical and emotional harm. There was no provocation for this offense. Moreover, in his brief to this Court, Banks "concedes that the sentencing colloquy is sufficient under 894.1". Considering the above, we find that the court adequately complied with the Article 894.1 guidelines.
We do not find the sentence imposed in this case to be excessive. A conviction of armed robbery carries a penalty of imprisonment at hard labor for not less than five nor more than ninety-nine years, without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:64 B. However, as a second felony habitual offender, Banks' penalty exposure ranged from a minimum of forty-nine and one-half years to a maximum of one hundred and ninety-eight years. LSA-R.S. 15:529.1 A(1). Herein, Banks was sentenced to sixty-five years at hard labor without benefit of parole, probation, or suspension of sentence. Banks' sentence was in the lower range of possible sentences. We do not agree with Banks' contentions that, because the victim was not physically harmed and because the incident was a short ordeal for the victim, he deserves a lesser sentence. The court noted in sentencing Banks that the victim had been placed in a position of fearing the loss of her life.
*828 According to the PSI and the trial court, Banks held the gun to the victim's head and smiled during the entire incident. Additionally, the PSI recommended the maximum sentence.
In his brief to this Court, Banks has cited several cases wherein lesser sentences were imposed upon persons convicted of armed robbery. We find little value in making sentencing comparisons. It is well-settled that sentences must be individualized to the particular offender and to the particular offense committed. See State v. Thomas, 572 So.2d 681, 685 n. 3 (La.App. 1st Cir.1990), writ denied, 604 So.2d 994 (1992). Considering the facts of the instant case, Banks' criminal record, and the reasons for sentencing by the trial court, we find no abuse of discretion in the sentence imposed. This assignment of error is without merit.
Abram Banks' conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The substantive offense in this case was docketed separately from the habitual offender charge. The two cases were consolidated for purposes of this appeal.
[*] Judge Chiasson, retired, serving as judge pro-tempore by order of the Louisiana Supreme Court.
[1] In the habitual offender bill of information, the docket number for the substantive offense is typed as 4-91-725. However, the actual docket number for the substantive offense is 4-91-735. The error obviously was merely typographical. Further, Banks does not allege, nor do we find, any prejudice as a result of this error in the habitual offender bill. Banks had sufficient notice of the State's intent to seek enhancement of his sentence and the basis therefor.