JiLINDSAY, Judge.
The defendant, Michael Dean Jordan, was originally charged with first degree murder. However, he eventually pled guilty to the responsive charge of manslaughter pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The defendant was sentenced to the maximum term of 21 years at hard labor. The defendant appealed. For the reasons assigned below, we vacate the defendant’s sentence and remand for resentencing.
FACTS
On December 3, 1989, the defendant’s girl friend, Linda Price, returned to her home to find the defendant waiting for her. As they had argued the day before, she summoned the police and directed the defendant to leave the premises. However, he remained and continued to beg Ms. Price to talk to him.
Officer Charles Downs of the Logansport Police Department responded to the call. His arrival at the Price residence was observed by Timothy Robert Philips, Ms. Price’s future son-in-law, who was inside the house. Phllps saw the defendant hold his hands out in front of him as though he was about to be handcuffed. However, according to Ms. Price’s testimony at a previous sentencing hearing, she told Officer Downs that she did not want the defendant arrested but simply wanted him to leave the premises. The defendant then began to walk toward his truck. At this point, Phllps heard Officer Downs caution the defendant that he did not want to be called to the residence again to remove him. The defendant assured him that he did not want any trouble with the polce. The defendant got in his truck and _J_2_began to drive away. Inexplicably, Officer Downs attempted to step up on the side of the truck. As the defendant proceeded down the highway, he changed lanes; however, Phllps testified that he did not appear to be trying to throw the officer from the vehicle. He did not speed up, slow down, or swerve. At some point, Phllps thought he heard the officer tel the defendant that he would get off of the truck if the defendant stopped. However, about 300 feet down the highway, Officer Downs fell from the side of the truck; he was run over by the back wheels of the truck and kiled instantly. The defendant did not stop the vehicle.
The defendant testified at a sentencing hearing that he was not aware that the officer was on the truck until immediately before the fall, when he heard Officer Downs say he would get down if the defendant stopped the vehicle. The defendant testified that the officer fell from the truck before he could react. He further maintained that he did not realize Officer Downs had been injured.
*311 The defendant was indicted for first degree murder. In a previous proceeding, he was allowed to enter an Alford plea to an amended charge of attempted first degree murder. He was sentenced to 30 years at hard labor. On appeal to this court, we noted a deficiency in the Alford plea as error patent. While holding the appeal in abeyance, we remanded the case to the trial court to give the state an opportunity to rectify the deficiency. See State v. Jordan, 619 So.2d 648 (La.App. 2d Cir.1993).
On remand, even though this defect was not corrected, the trial court denied the defendant’s motion to withdraw his guilty plea. On appeal, this | <¡court set aside the defendant’s guilty plea because of the uncorrected defect and reinstated the original charge of first degree murder. We remanded to allow the state to try the defendant on the original charge. See State v. Jordan, 619 So.2d 647 (La.App. 2d Cir.1993).
Subsequently, the defendant was allowed to enter an Alford plea to the present charge of manslaughter, a responsive offense to the first degree murder charge. He was sentenced to 21 years at hard labor, the maximum term of imprisonment under the statute then existing.
The defendant filed a motion to reconsider sentence, contending that the trial court failed to adequately comply with LSA-C.Cr.P. Art. 894.1 and that the record did not support the aggravating factors relied upon by the trial court. Alternatively, the defendant asserted that his sentence was excessive. The motion was denied.
This appeal followed. The defendant assigned as error the same grounds enumerated in his motion to reconsider.
EXCESSIVE SENTENCE
The defendant contends that the record does not support the trial court’s departure from the Sentencing Guidelines and its imposition of a 21-year sentence. According to the trial court’s calculations, the defendant was classified in grid level 1(F), which suggested a sentence of between 72 to 102 months.
Law
If the record reflects the trial court considered the guidelines and contains a factual basis for the sentence imposed, then the only issue left for 14appellate review is constitutional excessiveness. State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1 Sec. 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Pickett, 628 So.2d 1333 (La.App. 2d Cir.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one’s sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Gibson, 628 So.2d 156 (La.App. 2d Cir.1993). As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offense. State v. Cook, 598 So.2d 481 (La.App. 2d Cir.1992).
Discussion
The defendant’s pre-sentence investigation (PSI) report revealed two convictions for disorderly conduct in Texas, which offense is apparently analogous to the offense of disturbing the peace in Louisiana. See LSA-R.S. 14:103. Under the guidelines, defendant would receive .50 points based on these two prior convictions. The PSI report also reflects a third offense, reckless conduct, which was disposed of by bond forfeiture. Regardless of whether this disposition is counted as a third misdemeanor offense, defendant’s case fell within grid cell 1(F). As previously noted, the |Brecommended sentencing range in this grid is between 72 and 102 months.
In the written reasons for sentence, the trial court stated that it departed from the guidelines recommendation because the defendant manifested deliberate cruelty to the victim by refusing to stop in spite of Officer *312 Downs’ numerous shouted requests. It found that the defendant created a risk of death or injury to more than one person by driving dangerously while attempting to throw Officer Downs off the truck. The trial court also listed the defendant’s complete disregard for the safety of the officer and the fact that he acted under no provocation. And, finally, the trial court concluded that the defendant had benefited greatly from the plea bargain because it believed that the evidence supported a conviction of first degree murder.
Contrary to the written reasons for sentence, there is no evidence in the record to support these aggravating factors. No eyewitness testified that Officer Downs shouted “numerous times,” and no one testified that the defendant drove recklessly, nor that he attempted to throw the officer from the truck. In fact, Phillips specifically testified to the contrary, stating that the defendant did not make any apparent effort to cause the officer to fall. Phillips also testified that, while he thought the officer said he would get off the truck if the defendant stopped, he was “not for sure.” Furthermore, the trial court’s statement that the defendant acted without provocation is simply inapplicable; according to the testimony of both the defendant and Phillips, the defendant was actually following the instructions of the officer when he entered his vehicle and began leaving the premises. The record also fails to | ¿support the trial court’s assertion about the benefits to the defendant derived from the plea bargain; given the facts in this record, the most serious offense of which the defendant could have been convicted was manslaughter. In short, the record does not support the gross deviation from the guidelines recommendation and the imposition of the maximum penalty.
In State v. Walters, 25587 (La.App. 2d Cir. 1/19/94), 630 So.2d 1371, this court vacated a 21-year sentence for a first felony offender convicted of manslaughter because the aggravating factors listed by the trial court were insufficient to justify the imposition of the maximum penalty. In State v. Taylor, 535 So.2d 1146 (La.App. 2d Cir.1988), this court held that a 12-year sentence was the maximum sentence available to an individual convicted of manslaughter who had armed himself, driven to a friend’s house to collect a debt and thereafter shot the debtor. In both of those cases, the culpability of the offender was far greater than that of the defendant in the present case. Also, see and compare State v. Jenkins, 454 So.2d 282 (La.App. 4th Cir.1984), writ granted in part and sentence vacated, 458 So.2d 109 (La.1984), wherein an 18-year sentence for resisting arrest manslaughter was vacated for noncompliance with LSA-C.Cr.P. Art. 894.1.
Considering the circumstances of this case and the background of the defendant, we conclude the 21-year hard labor sentence is a manifest abuse of the trial court’s discretion. This was a tragic, unintentional killing. It appears there were no aggravating factors which would make this ease atypical under LSA-R.S. 14:31(A)(2)(b). In short, this record established that this defendant was not one of the worst offenders convicted of the crime of manslaughter. |7For this reason, he should not receive the maximum sentence. Based upon the facts in this record, we conclude a sentence within the appropriate guidelines grid will provide proper punishment for this crime. Any sentence imposed over the range set forth in the pertinent guidelines grid is unconstitutionally excessive.
CONCLUSION
The defendant’s sentence is vacated, and the matter is remanded to the trial court for resentencing in accordance with this opinion.
SENTENCE VACATED; REMANDED FOR RESENTENCING.