liBROWN, Judge.
Defendant, Robert Washington, was convicted by a jury of armed robbery, a violation of LSA-R.S. 14:64. Defendant agreed to a sentence of 30 years at hard labor in exchange for the state not pursuing multiple offender proceedings. Defendant appeals, contending that the evidence was insufficient to support the conviction. For the reasons set forth below, we affirm.

FACTS

On January 5, 1993, a black male entered the Pizza Hut Restaurant on Southside Drive in Shreveport, Louisiana, and ordered a pizza “to go.” He appeared moments before the dining room closed at 10:00 p.m. He played a video machine as his order was being prepared. When his order was ready he walked to the counter, armed with a pistol, and demanded money from the cashier, Walter Atchison. Dissatisfied with the cashier’s fumbled attempts to hand over the money in the cash register, the man grabbed $1,083 in cash from the register, took his pizza and fled.
The manager, Greg Peterson, was sitting at a dining booth doing paperwork. Another employee, Robert Jeter, was cleaning up in the kitchen. Of the three employees, only the cook, Robert Jeter, was able to identify defendant from a photo line-up shown to him on February 18th. No fingerprints or other physical evidence connecting defendant to the crime were found. Following Jeter’s identification, a warrant was issued for defendant’s arrest on February 19th. Defendant turned himself in to Shreveport police, apparently some time in March or April, after family members saw his photograph on a television crimestopper’s announcement.

\2JDISCUSSION

Sufficiency of the Evidence

Defendant’s only assignment of error is that the trial court erred in denying his motion for post-verdict judgment of acquittal. Such a motion is granted only if the court finds that the evidence, viewed in the light most favorable to the prosecution, does not reasonably permit a finding of guilty. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); LSA-C.Cr.P. Art. 821; State v. Smith, 441 So.2d 739 (La.1983).
Although defendant complains of insufficient evidence, his argument addresses the jury’s acceptance of the eyewitness testi *354 mony of Robert Jeter identifying him as the robber.
The assistant district attorney engaged in a long colloquy with the eyewitness and the record reflects the following exchange:
Prosecutor: So you had the opportunity on several occasions during that 15 minutes to look at Robert Washington, is that right?
Witness: Yes, sir.
Prosecutor: And again how close were you able to get to him?
Witness: Three feet.
Prosecutor: And you looked in his face?
Witness: Yes, sir.
Prosecutor: There’s no doubt in your mind that this individual right here, Robert Washington, is the one you saw in the Pizza Hut that night?
Witness: No, sir, there’s no doubt.
Although he saw the black male enter and wait for his order, the manager, Greg Peterson, did not know of the robbery until the perpetrator left. He was unable to make an identification when shown a photographic lineup on February 1324, 1993. Peterson testified that when shown the photographic lineup, he believed number six could have been the robber, but that he wasn’t sure. Defendant’s photo was number two. The detective, however, recalled only that Peterson could not make an identification.
The cashier, Walter Atchison, testified that the gun used in the robbery was placed on the counter so that he was the only person able to see it. When shown a photographic lineup more than three months after the robbery (March 28th), the cashier was unable to make an identification. Both Peterson’s and Atchison’s description of the black male to the police at the time of the robbery corresponded with defendant’s height and general build.
Defendant presented the testimony of his mother, Dorothy Washington, girlfriend, Rhonda Fielder, and sister, Sherry Beasley, who testified that he was home the night of the robbery. After evaluating the evidence and arguments of counsel, the jury found defendant guilty.
It is the function of the trier of fact to assess credibility and resolve conflicting testimony. State v. Green, 621 So.2d 629 (La. App. 2d Cir.1993); Williams, supra. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the jury, is sufficient support for a requisite factual conclusion. State v. Braswell, 605 So.2d 702 (La.App. 2d Cir.1992); State v. Emerick, 499 So.2d 195 (La.App. 2d Cir.1986).
Where testimony conflicts regarding a fact at issue, the jury must make a credibility determination concerning the conflicting witnesses. This determination concerns the believability or weight, not the sufficiency, of the evidence against the defendant. The weight of the evidence is a question of fact over which this court has no appellate jurisdiction in criminal cases. LSA.Const. Art. V, § 10(B); Williams, supra; State v. Miller, 561 So.2d 892 (La.App. 2d Cir.1990), writ denied, 566 So.2d 983 (La. 1990).
The testimony of the eyewitness, Robert Jeter, presents no internal inconsistency or irreconcilable conflict with physical evidence. The jury judged the credibility of the defense witnesses and obviously placed greater credence in Jeter’s testimony. This is precisely the province of the jury. Thus, we will not upset the jury’s finding on appeal.
Furthermore, the record reveals that the state established all of the elements of armed robbery. LSA-R.S. 14:64(A) provides:
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
The cashier, Walter Atchison, testified as follows:
I started to hand him the checks and I had a $50 bill stuck up underneath the checks.... He refused the checks and wanted the cash. I opened up the arm to get the $20’s out, he snatched the $20’s out of my hand and took the rest out of the machine.
*355 The record further reflects that defendant used a pistol in the commission of the offense and that this dangerous weapon was used to intimidate the cashier. The following is excerpted from the cashier’s testimony:
Witness: When I looked back down to give him his change, he had the gun down on the counter like this to where he had his hand over the gun, so I was the only one allowed to see the gun. The chrome pistol, the gun part, was facing me.
Prosecutor: Were you scared?
Witness: Yes.
Prosecutor: Did he tell you to do any- ' thing?
Witness: He told me to give him all the money.
We find that the state established all of the elements of armed robbery.
Defendant’s assignment of error is thus without merit.

IsError Patent

LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief; however, the failure to do so has no bearing on the sentence and is not grounds for reversal or remand. LSA-C.Cr.P. Arts. 921, 930.8; State v. Cox, 604 So.2d 189 (La.App. 2d Cir. 1992). The district court is directed to give defendant written notice of the prescriptive period for applying for post-conviction relief within 10 days of the rendition of this opinion and to file proof of defendant’s receipt of such notice in the record of the proceedings. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992).

CONCLUSION

Defendant’s conviction and sentence are affirmed. AFFIRMED.