660 So.2d 548 (1995)
STATE of Louisiana, Appellee
v.
Anthony YOUNG, Jr., Appellant.
No. 27237-KA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1995.
*550 David R. McClatchey, Indigent Defender Office, Shreveport, for appellant.
Richard Ieyoub, Attorney General, Baton Rouge, Paul J. Carmouche, District Attorney, Donald E. Hathaway, Jr. and Catherine M. Estopinal, Assistant District Attorneys, Shreveport, for appellee.
Before SEXTON, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
The defendant, Anthony Young, Jr., was charged by bill of information with attempted armed robbery. After a trial by jury, he was convicted as charged and was adjudicated a second felony offender, having a previous conviction for simple burglary. The defendant was sentenced to serve 99 years at hard labor, without benefit of parole, probation or suspension of sentence. The defendant now appeals his conviction and sentence. For the following reasons, we affirm.

FACTS
On the evening of March 17, 1994, Hosea Collins met the defendant, Anthony Young, Jr., near the intersection of 70th Street and Line Avenue in Shreveport. Collins was walking to a fast food establishment on Line Avenue to get something to eat. However, he had only a little more than one dollar. Following a short conversation, the two men decided to snatch a purse or wallet. Collins and the defendant walked a short distance to the K & B Drugstore on Pierremont Road. The defendant waited outside the store near some soft drink machines while Collins entered the store. Inside the store, Collins saw the victim, Dale Dupuy, who was shopping. Mr. Dupuy had only about eighty cents on his person. He stopped at K & B to make a purchase because he had a store credit card.
Collins spoke to the clerk, left the store and waited outside for Mr. Dupuy. As Mr. Dupuy walked to his vehicle, Collins asked him for money. When Mr. Dupuy responded that he did not have any money, the defendant stepped from his hiding place, pointed a gun at Mr. Dupuy and also demanded money. Before Mr. Dupuy could finish his response to the defendant's demand, the defendant shot Mr. Dupuy in the chest. Mr. Dupuy survived the shooting, but his spinal cord was severed and he is permanently paralyzed. After the shooting, the defendant and Collins fled the scene on foot.
Angela Webber, Collins's girlfriend, testified that she was standing on the corner of East 69th Street and Southern Avenue on the night of the shooting when the defendant approached. When Ms. Webber asked the defendant where Collins was, the defendant cursed and stated that he had killed a man and that Collins ran away.
After a week long investigation, the Shreveport Police arrested the defendant and Collins. Collins admitted his involvement in the attempted armed robbery, but asserted it was the defendant who shot Mr. Dupuy. The defendant was charged by bill of information with attempted armed robbery. He was tried by jury and on June 28, 1994, the jury returned a unanimous verdict of guilty as charged.
On August 1, 1994, the defendant was adjudicated a second felony offender, having pled guilty to simple burglary in 1993. For the simple burglary conviction, the defendant had received a five year suspended sentence and was placed on three years supervised probation.
Following his adjudication as a second felony offender, the defendant appeared before the court for sentencing. On August 26, 1994, the court ordered the defendant to serve 99 years at hard labor, without benefit of parole, probation or suspension of sentence.
*551 The defendant appeals his conviction and sentence, asserting that the trial court erred in denying his motion for a post verdict judgment of acquittal based upon insufficiency of the evidence and erred in adjudicating him a second felony offender. The defendant also contends that his sentence is excessive.

SUFFICIENCY OF THE EVIDENCE
In the trial court, the defendant filed a motion for post verdict judgment of acquittal, arguing that the evidence, viewed in the light most favorable to the state, did not reasonably permit a finding of guilty. LSA-C.Cr.P. Art. 821. The trial court denied the motion. On appeal, the defendant asserts that the court erred in denying the motion. This argument is meritless.
The motion for post verdict judgment of acquittal concerns the sufficiency of the evidence and presents a question of legal sufficiency. State v. Foster, 26,143 (La.App. 2d Cir. 12/9/94), 647 So.2d 1224.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Foster, supra; State v. Free, 26,267 (La.App. 2d Cir. 9/21/94), 643 So.2d 767.
That standard, initially enunciated in Jackson v. Virginia, supra, and now legislatively embodied in LSA-C.Cr.P. Art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983); State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied 617 So.2d 905 (La.1993).
An appellate court reviewing the sufficiency of the evidence in such cases must resolve any conflict in the direct evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and to be inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La. 1983); State v. Caston, 26,415 (La.App. 2d Cir. 10/26/94), 645 So.2d 1202; State v. Foster, 26,143 (La.App. 2d Cir. 12/9/94), 647 So.2d 1224.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. State v. Free, supra. It is the function of the judge or jury to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied 617 So.2d 905 (La. 1993); State v. Bellamy, 599 So.2d 326 (La. App. 2d Cir.1992), writ denied 605 So.2d 1089 (La.1992). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness, in whole or in part. State v. Free, supra.
In the absence of internal contradictions or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient to support the requisite factual conclusion. State v. Thomas, supra; State v. Bellamy, supra; State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1992), writ denied 604 So.2d 973 (La. 1992).
In order to convict a defendant of attempted armed robbery, the state must prove that the defendant, having the specific intent to commit armed robbery, did or omitted an act for the purpose of and tending directly toward the taking of anything of value belonging to another, from the person of another or in the immediate control of another, by the use of force or intimidation, while armed with a dangerous weapon. LSA-R.S. 14:27 and 64.
At trial, Hosea Collins testified that he and the defendant were involved in an attempt to rob the victim. Collins testified that he was wearing a white t-shirt, white shoes, a white cap and dark pants. Collins also stated that the defendant was wearing a black shirt, dark pants and black shoes. The defendant *552 was also wearing a ski mask at the time the victim was approached. Collins stated that the defendant had a black gun which he used to shoot the victim.
Angela Webber, the girlfriend of Hosea Collins, testified that on the night of the shooting, she saw the defendant and asked him where Collins was. At that time, the defendant was wearing a black shirt, black pants and had a black knit cap "balled up" in his hand. The defendant told Ms. Webber that Collins left him because the defendant had just killed a man.
The victim, Dale Dupuy, testified that his two assailants demanded his money. The first individual who approached him was wearing a light colored t-shirt. Mr. Dupuy testified that the second assailant, who shot him, was wearing a ski mask and a black t-shirt. Mr. Dupuy stated that following the shooting, both assailants fled the scene in the same direction.
In contending that the evidence adduced at trial was insufficient to support his conviction for attempted armed robbery, the defendant argues that the testimony of Hosea Collins should not be believed because Collins initially denied his involvement in the offense and then implicated the defendant only after he learned that he had been implicated by the defendant. Also, the defendant claims Collins' testimony lacks credibility because Collins testified only in exchange for a plea agreement with the prosecution which afforded him some leniency.
Further, the defendant argues that the testimony of Angela Webber should not be accepted because she had a relationship with Hosea Collins and they had a child together. Additionally, the defendant claims that Collins' testimony is contradicted by that of the victim. The victim testified that, after the shooting, both assailants fled together in the same direction, although Collins testified that he ran away by himself and the defendant remained at the scene.
At trial, the jury was made aware of the fact that Collins had initially denied his involvement in the offense and that he later reached a plea agreement with the prosecution in exchange for his testimony. The jury was also made aware of the relationship between Collins and Angela Webber. Further, the jury heard Collins testify that he fled the scene alone and the victim testified that the assailants fled in the same direction. The jury, after hearing all the testimony and evidence, made credibility determinations in favor of the defendant's guilt which are supported by the record.
The evidence against the defendant establishes that he and Collins set about to commit a robbery at the K & B store. Further, the victim testified that the first person who approached him and demanded money was wearing light colored clothing, consistent with Collins' testimony. Collins and the victim both testified that the individual in the dark clothing had a gun and shot Mr. Dupuy after he stated he did not have any money. Collins positively identified the defendant as the individual wearing the dark colored clothing.
After the shooting, while still clad in dark clothing and carrying a ski mask, the defendant told Angela Webber that the defendant left him because the defendant had just killed a man.
These facts, presented at trial, when viewed in the light most favorable to the prosecution, are sufficient to establish that the defendant committed all the essential elements of the offense of attempted armed robbery, and that he was guilty of that offense beyond a reasonable doubt.

HABITUAL OFFENDER ADJUDICATION
The defendant argues that the trial court erred in adjudicating him a second felony offender. He argues that the prosecution failed to adequately establish his identity as the individual previously convicted of simple burglary as charged in the habitual offender bill of information. This argument is without merit.
LSA-R.S. 15:529.1 requires proof of an accused's prior felony conviction as well as his identity as the perpetrator. The burden of proof rests with the state when an accused denies the allegation of the information or refuses to answer or remains silent. *553 State v. Curtis, 338 So.2d 662 (La.1976). Prima facie proof of a prior felony conviction may be established by compliance with LSA-R.S. 15:529.1(F) (the "pen pack" provision.) However, this provision is not the exclusive method of proving a prior felony conviction; any other competent evidence may be used to establish such proof. State v. Banks, 612 So.2d 822 (La.App. 1st Cir.1992), writ denied 614 So.2d 1254 (La.1993); State v. Jarvis, 569 So.2d 163 (La.App. 1st Cir.1990). The sole issue to be resolved on appeal is whether evidence was introduced upon which the trial judge could find the defendant to be the same person as the previously convicted felon. State v. Shepherd, 566 So.2d 1127 (La. App. 2d Cir.1990).
Identification of the accused may be by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared to those in the prison record introduced, or by photographs contained in the duly authenticated record. State v. Curtis, supra; State v. Shepherd, supra. Here, the defendant argues that the only evidence presented to show his identity was the testimony of a probation officer who identified the defendant solely because the defendant was seated with defense counsel and was clad in prison garb. This argument is not supported by the record.
During the habitual offender hearing, the prosecution introduced into evidence the bill of information charging Anthony Young Jr. with one count of simple burglary and one count of attempted simple burglary which allegedly occurred on January 26, 1993. The prosecution also introduced the court minutes and the transcript of the defendant's Boykin examination conducted on May 7, 1993, wherein he entered his plea of guilty to simple burglary. In exchange for the plea, the charge of attempted simple burglary was dismissed.
Additionally, Charles E. Stephenson of the Probation and Parole Office testified that he supervised Anthony Young, Jr. after his conviction for simple burglary. Mr. Stephenson testified that the defendant first visited his office on June 10, 1993. He positively identified the defendant as the individual known to him as Anthony Young Jr. and whom he supervised on probation, testifying that he saw the defendant "in the field" approximately twice per month. Mr. Stephenson testified he was familiar with the defendant's brothers and mother and was aware that the defendant's alias was "Cry Baby."
The record shows that Mr. Stephenson was familiar with the defendant through his supervision of the defendant's probation for simple burglary and did not base his in court identification of the defendant on the fact that the defendant was wearing prison attire and was seated beside defense counsel.
Based upon this testimony and evidence, the prosecution established that the defendant was a second felony offender, having previously been convicted of simple burglary on May 7, 1993. See State v. Banks, supra and State v. Jarvis, supra. Therefore, the prosecution met its burden of proof under LSA-R.S. 15:529.1.

EXCESSIVE SENTENCE
The defendant argues that the trial court erred in imposing an excessive sentence of ninety-nine years at hard labor, without benefit of parole, probation or suspension of sentence and in denying his motion to reconsider the sentence. This argument is without merit.
The Louisiana Habitual Offender Statute provides that upon conviction of a second felony, the offender shall be sentenced to a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction. LSA-R.S. 15:529.1 A(1)(a). A defendant convicted of attempted armed robbery may be sentenced to a maximum of 49 and a half years at hard labor, without benefit of parole, probation or suspension of sentence. See LSA-R.S. 14:64 and 14:27. A second felony offender who commits attempted armed robbery faces a minimum sentence of 24 years and 9 months and a maximum sentence of 99 years, all without benefit.
The Louisiana Sentencing Guidelines recognize that the statutory minimum sentence for multiple offenders will invariably exceed the recommend range of the Guidelines grid. In such cases, the Guidelines *554 merely acknowledge that the mandatory sentence supersedes the Guidelines grid and recommend imposition of the minimum statutory sentence, "unless aggravating circumstances justify imposition of a more severe sentence." La.S.G. Secs. 211 and 309(B); State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237.
A trial judge is required to properly consider the Guidelines and state for the record the considerations taken into account and the factual basis for the sentence imposed. State v. Smith, supra; State v. Brown, 616 So.2d 792 (La.App. 2d Cir. 1993)[1]. In this case, the trial court complied with this requirement.
In sentencing the defendant, the trial court considered the sentencing guidelines and found that this was an atypical case. The court found that the defendant was a gang member and did not do well on probation for simple burglary. The defendant also caused severe injury to the victim, permanently paralyzing him, causing him to incur extensive medical bills depriving him of his ability to earn a living. In addition, the defendant's children were traumatized by the incident and required counseling. The court also noted that the presentence investigation report showed that the defendant had an arrogant and insolent attitude regarding this offense and was lacking in understanding of the gravity of his act. The court found there were no mitigating circumstances in this case.
Two aggravating factors recognized by the Guidelines which are present in this case and considered by the trial court are: 1) The offense resulted in a significant permanent injury or significant economic loss to the victim or his family, and (2) The defendant's insolent and arrogant attitude and his complete lack of understanding and acceptance of the gravity of his act. La.S.G. 209B(9); La. S.G. 209B(22).
Because the trial judge properly considered the Guidelines and determined this was an atypical case, he was free to depart from the recommended sentence range and impose a sentence proportional to the seriousness of the offense and the offender's criminal history. La.S.G. Sec. 209(A)(4)(a). In other words, if a departure from the guidelines is justified, the judge is free to pronounce a sentence commensurate to the circumstances of the case without consideration of the proportionality of the sentence to the guidelines grid. State v. Brown, 616 So.2d 792 (La.App. 2d Cir.1993); State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir.1992), writ denied 617 So.2d 905 (La.1993). Maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Jordan, 26,265 (La.App. 2d Cir. 9/21/94), 643 So.2d 309; State v. Scott, 26,199 (La.App. 2d Cir. 8/19/94), 641 So.2d 1091.
Because the trial court properly considered the Guidelines, stated for the record the considerations taken into account in sentencing the defendant and stated the factual basis for the sentence imposed, all that remains for this court to review on appeal is whether the sentence imposed is constitutionally excessive. State v. Smith, supra.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence is unconstitutionally excessive in violation of LSA-Const. Art. 1, Sec. 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Pickett, 628 So.2d 1333 (La.App. 2d Cir.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lee, 25,917 (La.App. 2d Cir. 5/4/94), 637 So.2d 656, writ denied 94-1451 (La. 10/7/94), 644 So.2d 631; State v. Gibson, 628 So.2d 156 (La.App. 2d Cir.1993).
In the present case, the defendant attempted to rob an individual as he left a retail establishment. When the victim told *555 the defendant he did not have any money, the defendant shot the victim in the chest leaving him paralyzed for life. The victim and his family will suffer for the rest of their lives due to the senseless and cruel act of the defendant. Further, the defendant has a significant criminal history and has shown no remorse for this offense. Under these circumstances, the imposition of the maximum sentence upon this defendant is not unconstitutionally excessive and is tailored to both the offender and the offense.

ERROR PATENT
The defendant requests that this court review the record for errors patent. This request is unnecessary because such a review is made automatically in all criminal cases. State v. George, 26,867 (La.App. 4/5/95), 652 So.2d 1382.
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief which is three years from the date the conviction becomes final. However, the failure to do so has no bearing on the sentence and is not grounds for reversal. State v. Washington, 26,930 (La.App. 2d Cir. 3/1/95), 651 So.2d 352. When the defendant was sentenced in the present case, the court stated, "He has three years to file for post-conviction relief." The court failed to inform the defendant that the prescriptive period begins to run when the judgment of conviction is final. Accordingly, we direct that the district court give the defendant written notice of the prescriptive period for applying for post conviction relief within ten days of the rendition of this opinion and to file proof of defendant's receipt of such notice in the record of the proceedings. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992).

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Anthony Young, Jr.
AFFIRMED.
NOTES
[1] The Louisiana Sentencing Guidelines were repealed by Acts 1995, No. 942, which became effective August 15, 1995. However, the Guidelines were in effect and applicable at the time this defendant was sentenced.