679 So.2d 557 (1996)
STATE of Louisiana, Appellee,
v.
Tony B. MARTIN, Appellant.
No. 28489-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1996.
*559 Wilson Rambo, for Appellant.
Richard P. Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Douglas Haynes, II, Assistant District Attorney, for Appellee.
Before MARVIN, BROWN and WILLIAMS, JJ.
WILLIAMS, Judge.
The defendant, Tony B. Martin, was charged by bill of information with one count of simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2. After a trial, the defendant was convicted as charged. The trial court sentenced the defendant to serve nine years at hard labor, but vacated that sentence after defendant's adjudication as a fourth felony offender. Pursuant to LSA-R.S. 15:529.1, the trial court imposed a sentence of 25 years at hard labor, to be served without benefit of probation or suspension of sentence. The defendant appeals his conviction and sentence. For the following reasons, we affirm.

FACTS
On March 19, 1994, at approximately 4:30 a.m., Emma Tarver was watching television in the home of her brother, Leon Horne, who had been incarcerated. The doorbell began to ring repeatedly and she asked who was at the door. She did not receive a response and assumed that some children were playing a joke. Ms. Tarver then heard glass breaking in the kitchen and called 911. While on the phone, she heard a thud, which sounded as if a person had landed on the floor. Ms. Tarver told the 911 operator that someone was in the house, dropped the phone and ran to the bedroom where her daughter and grandchildren were sleeping.
Ouachita Parish Deputies Bubba Roy, John Heard and Bill Berry were dispatched to investigate the possible burglary at 24 Channey Drive in Monroe. After arriving at the house, Deputy Berry went to the rear of the residence, while Deputies Roy and Heard approached the front from opposite sides of the carport. Deputy Heard testified that he saw the defendant looking out the window of the carport door and then go back into the house. The defendant suddenly ran outside through the carport door holding two purses and was apprehended. Deputy Roy testified that he advised the defendant of his Miranda rights during the arrest. Deputy Berry stated that he advised the defendant of his Miranda rights after he was placed in the patrol car. According to the deputies, the defendant admitted that he broke into the *560 house because he had heard that the owner was in jail and did not think anyone was in the residence.
After a trial, the defendant was found guilty of simple burglary of an inhabited dwelling. Subsequently, he was adjudicated an habitual offender and sentenced to serve 25 years at hard labor without benefit of probation or suspension of sentence. The trial court denied the defendant's motion for reconsideration of sentence. The defendant appeals.

DISCUSSION

Sufficiency of the Evidence:

A. At Trial
The defendant argues the evidence at trial was insufficient to convict him of simple burglary of an inhabited dwelling. He contends the state failed to prove unauthorized entry because the homeowner did not testify.
The proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, 606 So.2d 838 (La.App.2d Cir.1992), writ denied, 612 So.2d 56 (La.1993). In order to convict an accused of simple burglary of an inhabited dwelling, the state must prove that there was an unauthorized entry, the structure was inhabited at the time of entry, and the defendant intended, at the time of entry, to commit a felony or theft. LSA-R.S. 14:62.2 To satisfy the unauthorized entry element, the state must show that the defendant did not have permission to enter the house. State v. Black, 627 So.2d 741 (La.App.2d Cir.1993).
In the present case, Emma Tarver testified that she was residing in the house at 24 Channey Drive at the request of the owner, Leon Horne, who had been incarcerated. Ms. Tarver stated that she had control and custody of the house and had not given the defendant permission to enter the premises or to take the purses. The trial court found the possibility that Horne had given defendant permission to enter the house was sheer speculation which did not rise to the level of reasonable doubt. Thus, the state satisfied the unauthorized entry element of the offense. When viewed in the light most favorable to the prosecution, there is sufficient evidence for a reasonable fact finder to convict the defendant of simple burglary of an inhabited dwelling. This assignment of error lacks merit.

B. Habitual Offender Hearing
The defendant also argues the evidence was insufficient to support an habitual offender adjudication and thus the trial court erred in denying his motions for directed verdict. Defendant contends the penitentiary packets which the state introduced as proof of prior convictions were incomplete and not properly certified by the warden or other chief officer of a state prison.
LSA-R.S. 15:529.1 provides for increased punishment for second and subsequent offenders upon proof of an accused's prior felony conviction and of his identity as the perpetrator. The state has the burden of proof on any issue of fact when an accused denies the allegation of the information, refuses to answer or remains silent. State v. Curtis, 338 So.2d 662 (La.1976); State v. Young, 27,237 (La.App.2d Cir. 8/23/95), 660 So.2d 548. Prima facie proof of a prior felony conviction may be established through certain documents, including the certificates of the warden or other chief officer of any state prison or penitentiary, containing the name of the person imprisoned, the photograph and fingerprints of the person, a statement of the court of conviction, the date and time of sentence, the length of time imprisoned and date of discharge from prison or penitentiary. LSA-R.S. 15:529.1F. This statute is not the exclusive method of proving prior felony convictions, and any other competent evidence may be used to establish such proof. State v. Young, supra.
A copy of a penitentiary packet certified by the officer with legal custody of the documents has been held to comply with R.S. 15:529.1F. State v. Lozier, 375 So.2d 1333 *561 (La.1979); State v. Hunt, 573 So.2d 585 (La. App.2d Cir.1991). In Hunt, this court found that a penitentiary packet certified by the "Records Custodian" of the Louisiana Department of Corrections was sufficient to satisfy the requirements of R.S. 15:529.1F. Similarly, in the present case, the penitentiary packet for each of defendant's prior convictions was certified by the custodian of records at each facility.
Defendant argues the penitentiary packets did not contain all of the information required under Sec. 529.1F and were not admissible at the habitual offender hearing. He also contends that the prosecution failed to adequately establish his identity as the individual previously convicted as charged in the habitual offender bill of information.
The sole issue to be resolved on appeal is whether evidence was introduced upon which the trial judge could find the defendant to be the same person as the previously convicted felon. State v. Young, supra. Identification of the accused may be by testimony of witnesses or by expert opinion as to the fingerprints of the accused when compared to those in the prison record introduced. State v. Shepherd, 566 So.2d 1127 (La.App. 2d Cir.1990).
During the habitual offender hearing in this case, the prosecution introduced into evidence for each prior conviction the bill of information, the defendant's fingerprints and the judgment. The state also presented the testimony of Sergeant Brian Newcomer of the Ouachita Parish Sheriff's Office, who was accepted as an expert in the field of fingerprinting. Sergeant Newcomer compared fingerprints given by defendant in open court with those contained in the court records introduced into evidence. Officer Newcomer testified that he followed FBI guidelines and found six points of identification common among the sets of fingerprints. He concluded that the same person had given each set of fingerprints, which matched those of the defendant.
The defendant argues that the trial court erred in allowing Assistant District Attorney Haynes to testify at the hearing for identification purposes. The prosecuting attorney is a competent witness, even in the dual role of prosecutor and witness. It is within the trial court's discretion to allow the prosecutor to testify. State v. Miller, 391 So.2d 1159 (La.1980); State v. Wilson, 602 So.2d 779 (La.App. 2d Cir.1992). Assistant District Attorney Haynes testified that he was present when defendant entered his plea of guilty to attempted unauthorized entry in case number 92-F1576. Haynes stated he was the prosecutor who accepted the plea and identified the defendant as the person who made the plea. The defendant has not cited any legal authority to support his argument that the prosecutor's testimony was inadmissible. From a review of this record, we cannot say the trial court abused its discretion in allowing the prosecutor to testify during the hearing.
The record shows the state established that the defendant was a fourth felony offender by competent evidence which is legally sufficient to support the habitual offender adjudication. The assignments of error lack merit.

Admissibility of Defendant's Statement:
The defendant argues the trial court erred in admitting his oral inculpatory statement made to investigating officers despite the state's failure to establish that defendant was advised of his Miranda rights prior to questioning.
Before a confession can be introduced into evidence, the state has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, threats or promises. State v. Simmons, 443 So.2d 512 (La. 1983); State v. Hicks, 607 So.2d 937 (La.App. 2d Cir.1992). It must also be established that an accused who makes a confession during a custodial interrogation was first advised of his rights in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); State v. Hicks, supra. The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of testimony relating to the voluntariness of a confession will not be overturned on appeal unless they are clearly contrary to the evidence. *562 State v. Dewey, 408 So.2d 1255 (La. 1982); State v. Griffin, 568 So.2d 198 (La. App. 2d Cir.1990), writ denied, 592 So.2d 1330 (La.1992).
In the present case, all three deputies testified that after his arrest, defendant stated that he broke into the house because he had heard on the news that the homeowner was in jail and he did not think anyone would be in the house. On direct examination, Deputy Roy testified that after the defendant was arrested, he advised the defendant of his Miranda rights, including the right to remain silent, that anything he said could be used against him, and the right to an attorney. On cross-examination, Deputy Roy stated that he recited these rights from memory and did not use a card. He was then asked to step out of the courtroom. During argument concerning the voluntariness of the statement, defense counsel stated that the foundation was incomplete because the witness did not state that he had informed defendant of his right to terminate the interrogation at any point.
The trial court allowed the prosecutor to question Deputy Roy further as to the rights he recited to defendant. Deputy Roy acknowledged that he had reviewed his Miranda card while in the hall outside of the courtroom. He then stated the exact rights he had recited to the defendant, including the right to stop answering questions at any time. Deputy Roy explained his earlier omission by stating that he did not know counsel wanted him to list in detail the rights given to defendant. Deputy Roy also testified that he specifically recalled advising the defendant that he could terminate the interrogation. The trial court stated that Deputy Roy had used the term "Miranda rights" as if to summarize the rights, and that neither counsel had attempted to elicit a verbatim recitation of the rights until after the officer had stepped outside the courtroom. The trial court found that Deputy Roy was able to give a verbatim recapitulation of what he had said on the night of the crime, that his testimony was credible and that the defendant's statement was admissible. The trial court heard the testimony and weighed the credibility of the witnesses. We cannot say the trial court abused its discretion in finding that the defendant was fully advised of his Miranda rights and that his statement was voluntary. This assignment of error lacks merit.

Excessive Sentence:
The defendant argues the trial court erred in imposing an excessive sentence and in failing to adequately consider the provisions of LSA-C.Cr.P. Art. 894.1 and the sentencing guidelines.[1] He also contends that the trial court improperly imposed a 25-year sentence based on the same information it considered in imposing the previous nine-year sentence.
The habitual offender hearing is an enhancement proceeding, rather than a prosecution for a crime. It does not create a new or separate offense, but merely provides for imposition of an increased sentence for persons convicted of more than one crime. State v. Stott, 395 So.2d 714 (La.1981). The sentencing guidelines state that a defendant adjudicated an habitual offender is to be sentenced under the provisions of R.S. 15:529.1 and La.S.G. § 309. State v. Jeffers, 26,177 (La.App. 2d Cir. 10/26/94), 645 So.2d 238. A trial judge has the discretion to disagree with the sentencing guidelines and choose not to follow them, even in the absence of aggravating or mitigating circumstances. State v. Smith, 93-0402 (La 7/5/94), 639 So.2d 237; State v. Tumblin, 27,122 (La. App. 2d Cir. 6/21/95), 658 So.2d 222. While a trial judge must consider the guidelines, he has complete discretion to reject them and impose any sentence within the statutory range for the crime of conviction, provided such sentence is not constitutionally excessive. State v. Smith, supra; State v. Tumblin, supra.
In the present case, after the defendant's conviction for simple burglary of an inhabited dwelling, the trial court stated that it had reviewed the pre-sentence investigation (PSI) report and the sentencing guidelines and imposed a sentence of nine years at hard *563 labor. Following defendant's adjudication as a fourth felony offender, the trial court resentenced defendant to serve 25 years at hard labor without benefit of probation or suspension of sentence. The trial judge stated that he had considered all of the information relevant to the previous sentence, the defendant's criminal history, the seriousness of the offenses, his lack of remorse and continuous entanglement with the law over the past eleven years. Thus, the trial court adequately stated for the record its considerations in imposing sentence.
The defendant argues that the 25-year sentence violates the holding in State v. Dorthey, 623 So.2d 1276 (La.1993). In that case, the supreme court stated that a trial court may find the minimum sentence required by R.S. 15:529.1 to be constitutionally excessive in a particular case, and impose a lesser sentence fitting the particular defendant. In Dorthey, the trial court felt that the 20-year minimum sentence was excessive, but that it had no discretion. Here, the trial court did not find that the minimum sentence was excessive, but imposed a greater sentence. Thus, Dorthey can be distinguished from the present case.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Thompson, 25,583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, supra.
In the present case, the statutory penalty range for a fourth felony offender is twenty years to life. The sentence imposed is at the low end of the sentencing range. The trial judge was aware of and considered the defendant's background. He noted that since 1984, there had been only a thirty-day period during which the defendant had not been on parole, probation or incarcerated. The sentence imposed is not grossly out of proportion to the seriousness of the offense, nor does it shock the sense of justice. Under these circumstances, we cannot say the sentence is constitutionally excessive. Therefore, we find the trial court did not abuse its discretion. This assignment of error lacks merit.
We have examined the record for error patent and found none.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Although the Louisiana Sentencing Guidelines were repealed by Acts 1995, No. 942, effective August 15, 1995, they were applicable at the time sentence was imposed.